Kerry N. LYON, Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD COMPANY, a Corporation, Defendant.

Civ. A. No. 1897.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

April 27, 1964.

Melvin & Melvin, Laurel, Miss., for plaintiff.

E. R. Alley, William M. Deavours, Laurel, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

The plaintiff sued the railroad and its section foreman for damages for negligence and consequent personal injuries sustained by him on the evening of September 19, 1961, at a public railroad crossing in the city of Laurel, Mississippi. It was a dark and misty evening when a freight train of the railroad mov-

ing along its tracks was not seen by the plaintiff and was run into and against by the plaintiff in his automobile. The plaintiff said that he could not see the freight train which was the same color as the street, and that the flashing signal at this crossing was not working by reason of the negligence of the railroad and its said employee who had the responsibility for inspecting and keeping said signal device in proper operation.

The case proceeded to trial in the state court, and at the conclusion of plaintiff's testimony the court sustained a motion of the individual defendant for a dismissal of the suit as against him. This dismissal was over the protest and strenuous objection of the plaintiff. The railroad thereupon promptly gave notice of its intention to file a petition to remove the case to this court. The petition for such removal was timely presented in due form, and was accompanied by a $2,-000.00 surety bond approved by the court. The plaintiff has moved to remand this case to the state court as not being removable because the removal of the resident defendant from the case by the state court was not done with his approval but over his objection. 28 U.S.C.A. § 1446 (b) among other things provides: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The plaintiff insists that the involuntary dismissal of the resident defendant does not remove him from the case, but that contention is untenable insofar as this proceeding is concerned. A plaintiff may nonsuit a case against the resident defendant, or execute a release or covenant not to sue, or file a motion for a nonsuit or other dismissal against the resident defendant and thereby entitle the nonresident defendant to remove a removable case to this court. But that is not the only way in which such a case may become removable. There is nothing in this statute from which it can be properly inferred that Congress intended that a removal could be effected only in the event the plaintiff voluntarily did something which removed the local defendant from the case. The order of the state court on the resident defendant's motion for a peremptory instruction at the conclusion of plaintiff's case is surely an "order or other paper from which it may first be ascertained that the case is one which is or has become removable" for the first time upon the happening of such event.

In Platt v. Illinois Central Railroad Co., (5 C.A.) 305 F.2d 136, the court said that the sufficiency of the pleadings in such a case against a resident defendant must be tested in the state court; and further said: "If, in this case, that test results in a decision of the State Court that the suit should be dismissed as to Ellington, the case *then* becomes removable to the Federal Court under the statute authorizing removal of cases of this character where the plaintiff and defendant are not residents of the same state." Citing Gaitor v. Peninsular & Occidental Steamship Co., (5 C.A.) 287 F.2d 252.

Every reasonable doubt must be resolved against jurisdiction on consideration of this motion to remand under the facts and circumstances stated, but there does not appear to be any doubt of the removability of this case under the facts and circumstances here. Something must be read into this statute which the Congress did not write into it before it can be said that a case can become removable from a state court during the trial only in the event a plaintiff voluntarily does something to extricate and completely remove the resident defendant from the suit. That contention is untenable in this case. The motion to remand is without merit and will be overruled. An order accordingly may be presented for entry.