**Sumner A. LONG and Russell H. Long, Plaintiffs,**

v.

**QUANTEX RESOURCES, INC. and Richard A. Walters, Defendants.**

No. 85 Civ. 1100 (RO).

United States District Court, S.D. New York.

Dec. 12, 1985.

---

## OPINION

OWEN, District Judge.

The attorneys for the parties in the above case appeared before the Court on September 20, 1985, upon defendants' motions to dismiss, for change of venue, and for joinder of a party. Defendants were represented by their local counsel, which had signed the motion papers. The issue at hand, now, is whether Rule 11 sanctions should be imposed on defendants' local counsel notwithstanding that the motion papers were apparently prepared by defendants' "primary" counsel, based in a foreign jurisdiction.

Modern Rule 11 of the Federal Rules of Civil Procedure was adopted in 1983 in an attempt to deter litigation abuses. The Rule requires, in pertinent part, that all papers presented by a party represented by counsel be signed by an attorney. The signature of the attorney

> constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in

fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If this does not prove to be the case, the court "shall impose upon the person who signed [the paper] ... an appropriate sanction...." *See* Fed.R.Civ.P. 11 and advisory committee note; *see also Eastway Const. Corp. v. City of New York,* 762 F.2d 243 (2d Cir.1985).

The situation here is unusual because while foreign counsel seems primarily responsible for the preparation of the motion papers at issue, local counsel both signed the papers and presented the motions to the Court. The propriety of these motions now is being questioned with respect to local counsel's conduct. The issue is: what level of "reasonable inquiry" must local counsel engage in with regard to papers prepared by foreign counsel before signing the papers and presenting them to the court?

Under the circumstances of this case, while this Court's General Rules require that local counsel be engaged by foreign counsel, Federal Rule 11 does not distinguish between foreign and local attorneys, and some attorney has to be accountable to the Court for the contents of papers filed on behalf of a client. It therefore seems to me that at the very least, a local counsel that signs the papers of foreign counsel must read the papers, and from that have a basis for a good faith belief that the papers on their face appear to be warranted by the facts asserted and the legal arguments made, and are not interposed for any improper purpose.[1]

Here, local counsel failed to meet even this minimal standard. Local counsel presented the Court with papers asking for determinations regarding three matters: personal jurisdiction, venue, and a "neces-

---

**1.** I express no opinion as to whether a greater degree of scrutiny is demanded than that posed here, as the conduct involved in this case does not even reach the above minimal standard.

sary party". In none of these areas, however, could local counsel have seen a proper Rule 11 basis. The papers fail to set forth any form of factual support or contain any affidavit in support of their propositions. At most, counsel presented the Court with an expanded notice of motion, phrased in only the most conclusory fashion. In stating that this Court does not have personal jurisdiction over the defendants, the papers totally ignore the wide-ranging contacts that the defendants had with this forum; no explanation is given. In moving for a change of venue, counsel merely states, without competent affidavit support, that documentary evidence is located outside of this jurisdiction. And no competent showing is made as to why an allegedly "necessary party" *is* necessary in this case, while I note that unrebutted competent evidence to the contrary has been presented. Simply put, the papers fail to reveal any basis upon which local counsel could believe these papers to be within the mandates of Rule 11, and I find that they are not.

Defendants' local counsel also fails to provide any adequate explanation for the eleventh-hour withdrawal of its motions, which occurred at the time set for oral argument. When called for oral argument, local counsel merely announced that he was withdrawing his motions, with some comment which indicated that he felt the Court should be pleased at this. Counsel did not otherwise support the withdrawal with any satisfactory explanation; indeed, he indicated that while he had signed the motion papers, he had not been involved in their preparation to any great extent. This situation led to less-than-acceptable results. Counsel for the plaintiffs was forced to prepare and submit papers in response to defendants' motions and to prepare for and appear at an oral argument which was abandoned in the courtroom, and the time of the Court and its staff spent reviewing the various motion papers and analyzing the issues in advance of oral argument was wasted.

Accordingly, on the basis of the above findings and given the objectives and mandates of Rule 11, the Court orders that defendants' local counsel is sanctioned in the amount of $750.00, and that this amount is to be paid directly to the plaintiff's counsel within thirty days hereof.

So ordered.