**In re U.S. TRUCK COMPANY, INC., Debtor.**

**Bankruptcy No. 82–03561–R.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Feb. 27, 1987.

---

See also, 6th Cir., 800 F.2d 581.

Joseph Radom, Birmingham, Mich., for debtor.

Abraham Singer, Detroit, Mich., for Creditors' Committee.

## SUPPLEMENTAL
## MEMORANDUM OPINION

STEVEN W. RHODES, Bankruptcy Judge.

### I.

This matter is before the Court on a motion for Rule 11 sanctions against the debtor and the debtor's counsel, Joseph Radom, filed by counsel for the creditors' committee, Hertzberg, Jacob and Weingarten (the Hertzberg firm). The procedural history leading to this motion is as follows:

On June 25, 1986 the Hertzberg firm filed its sixth application for interim fees, which was scheduled for hearing on July 28, 1986. The debtor filed no objection to this fee application and did not appear at the hearing. The Court awarded $6,290,

and on July 29, 1986, an order to that effect was entered.

On October 10, 1986, more than two months later, Radom filed a motion on the debtor's behalf to nullify the order of July 29, 1986. That motion alleged that the debtor's plan of reorganization had been confirmed by the District Court on February 5, 1985, and that thereafter the plan had been substantially consummated. The motion further alleged that the compensation allowed to the committee counsel was for the post-confirmation period, specifically from June 1, 1985, through May 31, 1986, and asserted that this Court lacked jurisdiction to allow fees for post-confirmation services rendered by the creditors' committee counsel. The brief submitted with the motion asserted that the plan had not retained jurisdiction to award such fees, and further asserted that the case law prohibited the award of such fees.

The Hertzberg firm filed a response in opposition to the motion to nullify, a hearing was held, and the motion to nullify was denied. Specifically the Court held that the language of the confirmed plan did retain jurisdiction to award attorney fees for post-confirmation services and that the old case law cited by the debtor did not indicate otherwise.

Thereafter the Hertzberg firm filed this present motion.[1]

## II.

■ Rule 11 provides in pertinent part: The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In construing this rule, the Court in *Mohammed v. Union Carbide Corp.*, 606 F.Supp. 252, 260–61 (E.D.Mich.1985) indicated:

One of the important additions to the amended rule is the requirement that an attorney make "reasonable inquiry" into the operative facts and relevant law before signing his name to a pleading, motion or other party [sic], which signature constitutes his certificate that the paper is "well-grounded in fact and is warranted by existing law or a good faith argument for the extension of existing law." Unlike the subjective good faith of an attorney, "reasonable inquiry" is an empirically verifiable fact or event, inasmuch as the court can examine the efforts undertaken by the attorney to investigate her claim prior to filing suit. The focus of such an inquiry is upon events that can be observed and verified to some extent: what the attorney learned from his client, what efforts he undertook to corroborate the client's account, and so on. Any determination of what constitutes a "reasonable inquiry" depends largely on the particular facts and circumstances of a given claim. The court recognizes that there are many ways by which an attorney can reasonably apprise himself of the legitimacy of a claim prior to pursuing it in court, but the "reasonable inquiry" standard at the very least requires some kind of investigation, some affirmative conduct on the part of the attorney. By focusing upon the investigative efforts undertaken by the attorney, rather than seeking to scrutinize the unfathomable processes of his mind, the court is better able to apply the strictures of Rule 11 objectively and fairly.

*See also: Albright v. Upjohn Co.*, 788 F.2d 1217 (6th Cir.1986); *Olga's Kitchen of Hayward, Inc. v. Papo*, 108 F.R.D. 695 (E.D.Mich.1985).

---

1. The motion is based on Rule 11. During the hearing the Court questioned why the motion was not filed as an application for attorney fees under 11 U.S.C. § 330. Apparently, the movant does not seek a ruling on that basis, but only on the grounds of Rule 11, and accordingly the Court will rule only on the basis of Rule 11.

As noted in *Advo System, Inc. v. Walters*, 110 F.R.D. 426, 429 (E.D.Mich.1986), the Advisory Committee Notes relating to the 1983 amendments cautioned:

> The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

See also: *Pravic v. U.S. Industries-Clearing*, 109 F.R.D. 620, 623 (E.D.Mich.1986).

Moreover, "[s]anctions under Rule 11 should not be freely imposed, and mere lack of success on the merits cannot alone justify sanctions." *Advo Systems, Inc. v. Walters, supra.* See also: *Reinhardt v. International Union*, 636 F.Supp. 864, 868 (E.D.Mich.1986).

### III.

Plainly, there was no existing law in support of the debtor's contention in its motion to nullify; the debtor did not contend that there was. Accordingly, the issue before the Court under Rule 11 is whether the debtor and his counsel performed a reasonable inquiry into whether the position taken in the motion to nullify was warranted by a good faith argument for the extension of existing law.[2]

After reviewing once again the position taken by the debtor and its counsel in the motion to nullify, the Court concludes that there was a violation of Rule 11, and the Court will impose an appropriate sanction. Specifically, the Court concludes that the debtor's position was not warranted by a good faith argument for the extension of existing law.

As noted, there were two aspects to the debtor's motion to nullify. First, the debtor contended that the plan did not retain jurisdiction to award fees for post-confirmation work by creditors' committee counsel. As the Court noted in denying the motion, reference to the plan itself completely undermines this contention. Article IV, paragraph C is crystal clear, and allows for no such argument as was attempted to be made by the debtor here:

> The Court shall further retain jurisdiction to enter orders allowing compensation to those persons so entitled to receive compensation pursuant to the Bankruptcy Code.

Likewise, the Court concludes that the debtor's argument that the case law precludes this jurisdiction was frivolous. The debtor cited only two cases in support of its motion to nullify, *In re Elless Co.*, 174 F.2d 925 (6th Cir.1949), and *Seedman v. Friedman*, 132 F.2d 290 (2d Cir.1942). However, neither case addresses the jurisdiction of the bankruptcy court to award fees to creditors' committee counsel for post-confirmation work.[3] Moreover, both cases were decided under the Bankruptcy Act of 1898, which has since been repealed and replaced by the Bankruptcy Reform Act of 1978, and therefore could not possibly purport to address fee jurisdiction issues under 11 U.S.C. § 330. Citing these cases, and only these cases, strongly indicates that Radom

---

**2.** A second issue arises from the Hertzberg firm's assertion that the original motion to nullify was interposed for an improper purpose, specifically harassment. The Court concludes that it is unnecessary to address this contention in light of the resolution of the issue above.

**3.** In *In re Elless Co.*, the Court held that the reorganization court lacked jurisdiction to enter

a confirmation order retaining jurisdiction over the debtor's property.

In *Seedman v. Friedman*, the Court held that a post-confirmation contract did not require court approval.

A case directly *contra* to the debtor's position in the Bankruptcy Act era is *In the Matter of Imperial '400' National Inc.*, 431 F.Supp. 155, 179 (D.N.J.1977).

did not properly investigate the legal position he took in the motion to nullify.

Moreover, the current Bankruptcy Code would not permit a conclusion that the debtor's argument was made in good faith; neither 11 U.S.C. § 1103(c), relating to the duties of a creditors' committee, nor 11 U.S.C. § 330, relating to compensation for counsel for the creditors' committee, contain any such arguable limitation on jurisdiction as the debtor contended. And, such a limitation would be inconsistent with other provisions of the Bankruptcy Code that provide for post-confirmation procedures in which the creditors' committee would have a substantial interest, including modification of the plan under Section 1127(b), implementation of the plan under Section 1142, revocation of an order of confirmation under Section 1144, and an appeal of the confirmation order or other pre-confirmation orders.[4] *See e.g., In re Kyran Research Associates, Inc.,* 56 B.R. 629 (Bankr.D.R.I.1986).

Finally, the Court must note one additional consideration in support of this result—the debtor's delay in raising the contention. As noted the debtor did not file any written objections to the fee application, did not appear at the hearing, and then waited two months to file the motion. These circumstances suggest that the debtor raised the contention as an afterthought in the fleeting hope that it could avoid payment of the fees awarded.

Accordingly, the Court concludes that the debtor and its counsel did not make a good faith argument for the extension of existing law in their argument that there was no jurisdiction to award fees for post-confirmation work done by attorneys for a creditors' committee.

## IV.

Rule 11 indicates that when a violation is found, the Court:

> ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties an amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

■ In *Olga's Kitchen of Hayward, Inc. v. Papo,* the Court held that it was appropriate to impose the sanction against both the attorney and the party when it was not apparent which of the two was responsible for the conduct which resulted in the sanction. In this case, it is not clear to the Court whether the motion to nullify was a result of conduct on the part of both the debtor and Radom or just Radom. Accordingly the sanction will be imposed against both.

■ Attached to the motion is an itemized statement of time spent responding to the motion to nullify and in preparing the motion for Rule 11 sanctions. The total suggests that 41.90 hours was spent on those matters, and fees in the total amount of $3,939 are requested. The Court notes that this itemized time statement concludes with an entry on November 18, 1986, and of necessity does not include any time for the oral argument on the motion for sanctions.

The Court concludes, based on its review of the pleadings which were filed and its recollection of the hearing, that the reasonable attorney fee in the circumstances is $2,500. At the approximate average hourly rate of $100, that would constitute about 25 hours, which the Court concludes would be a reasonable number of hours of service in responding to the motion to nullify and in prosecuting the present motion for Rule 11 sanctions. Accordingly, the Court will award reasonable costs in the form of attorney fees to be paid by the debtor and the debtor's counsel to the Hertzberg firm in the amount of $2,500.

■ In addition, pursuant to *Olga's Kitchen of Hayward, Inc. v. Papo,* the Court will impose an additional sanction in the form of costs to be paid to the Clerk of

---

4. Significantly, in the present case, the post-confirmation services rendered by the Hertzberg firm related to an appeal from the confirmation order, which was affirmed, *In re U.S. Truck Co., Inc.,* 800 F.2d 581 (6th Cir.1986), and negotiations for a possible modification of the plan.

this Court as a result of this Court's time, both on the motion to nullify and on this motion, to be fixed in the amount of $500.