**In re Gary R. FROID, Debtor.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION of LARGO, Plaintiff,**

**v.**

**Gary R. FROID, Defendant.**

**Bankruptcy No. 87–6320–8P7. Adv. No. 88–60.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 2, 1989.

Leslie Conklin, for plaintiff.

Zala Forizs, Teresa Rooney, St. Petersburg, Fla., for defendant.

ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case, and the immediate matter under consideration is a Motion for Sanctions filed by Gary R. Froid, the Debtor in the above-captioned case. The Motion seeks the imposition of sanctions against Leslie M. Conklin, counsel for First Federal Savings and Loan Association of Largo (First Federal), for Mr. Conklin's alleged violation of Bankruptcy Rule 9011. The alleged violation is premised on the Debtor's contention that Mr. Conklin on behalf of First Federal filed a Complaint seeking to deny the Debtor's discharge without conducting a reasonable inquiry as to the facts and applicable law pertaining to the claims asserted against the Debtor. In the alternative, the Debtor

contends, assuming arguendo that the Complaint was filed in good faith, Mr. Conklin should not have continued prosecution of the action against the Debtor once he received a letter from Debtor's counsel outlining the Debtor's evidence to refute any claims asserted by First Federal.

In opposition to the Motion for Sanctions, Mr. Conklin contends that he conducted a reasonable inquiry and found the Complaint to be well grounded in fact and law and therefore sanctions are inappropriate under Bankruptcy Rule 9011.

The Court has considered the Motion, together with the record, and post-hearing submission by counsel, now finds and concludes as follows:

On October 7, 1987, First Federal filed a lawsuit against the Debtor in the Circuit Court for the Sixth Judicial District of Florida. The suit which sought recovery from the Debtor was based on several promissory notes executed by the Debtor in favor of the Plaintiff representing a total principal indebtedness in excess of $1.4 million. First Federal alleged in its lawsuit that between November 6, 1987 and November 12, 1987, the Debtor transferred certain property for less than fair consideration to his friends and business associates and used the proceeds obtained to pay antecedent debts owed by him to his attorneys and accountants.

On November 20, 1987, the Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code and on December 20, 1988, Mr. Conklin, on behalf of First Federal, filed the Complaint in which First Federal sought the denial of the Debtor's discharge based on § 727(a)(2)(A) of the Bankruptcy Code. The claim set forth in the Complaint alleged that the Debtor transferred several assets to his business associates and friends, that the transfers were for less than fair and adequate consideration and were done with the intent to hinder, delay and defraud creditors. As an additional ground for objecting to the Debtor's discharge, the Complaint contained the allegation that the Debtor converted the proceeds from these sales into exempt assets for the purpose of delaying or defrauding his creditors. The Complaint was processed in due course, and the issues raised by the pleadings were tried. At the end of the Plaintiff's presentation of its evidence, the Debtor moved for involuntary dismissal. The Motion was based on the contention of the Debtor that the Plaintiff failed to establish a prima facie claim. The motion was granted and this Court dismissed the Complaint with prejudice.

It is the Debtor's contention that Mr. Conklin violated Bankruptcy Rule 9011 which provides, inter alia, as follows:

> The signature of an attorney ... constitutes a certificate that the attorney ...has read the document; that to the best of the attorney's ...knowledge, information and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing laws.

This contention is based on the proposition urged by counsel for the Debtor that had Mr. Conklin conducted a reasonable inquiry or investigation as to the facts surrounding the transfers involved, he would not have filed the lawsuit against the Debtor. In addition, the Debtor argues that Mr. Conklin should not have continued prosecution of the lawsuit after he became aware of the evidence which the Debtor would produce at trial.

■ Bankruptcy 9011, with some modification not relevant in the present instance, adopts Federal Rule of Civil Procedure 11. The Rule is applied in two circumstances, (1) where the papers signed by the attorney are frivolous, legally unreasonable or without factual foundation or (2) if the pleading is filed for an improper purpose. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir.1986).

■ This provision of Bankruptcy Rule 9011 has been interpreted by some courts to be read in the conjunctive. For instance, in the case of *Buy n Save, Kash & Karry v. Underwriters Insurance Co.*, 56 B.R. 644 (Bkrtcy.S.D.N.Y.1986) the Court concluded that an imposition of sanctions pur-

suant to Bankruptcy Rule 9011 is warranted only if it is determined that the claim advanced "lacks any color", i.e., legal and factual merit *and* was advanced for an improper purpose. However, this Court is satisfied that that provision of Bankruptcy Rule 9011 should not be read in the conjunctive and the proper standard to be used in considering a Motion to Impose Sanction is the objective standard and the "subjective good faith is not the issue". As the Seventh Circuit stated in *Thornton v. Wahl,* 787 F.2d 1151 (7th Cir.1986), *cert. den.,* 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986): "An empty head but a pure heart is no defense." *In re D.C. Sullivan Co., Inc.,* 843 F.2d 596 (1st Cir. 1988).

As to the Debtor's first contention that the Complaint was frivolous and filed for an improper purpose, it should be noted that the Debtor's counsel, Mr. Forizs, in a letter addressed to Mr. Conklin, counsel for the Plaintiff, conceded that there existed probable cause to institute the adversary proceeding against the Debtor (Debtor's Exh. E). In light of this, it is not necessary to determine whether sanctions are appropriate for the initial commencement of the lawsuit against the Debtor.

■ However, the question remains whether or not it was reasonable for Mr. Conklin to insist to prosecute the lawsuit against the Debtor after Debtor's counsel tendered to Mr. Conklin his evidence in opposition of the objection to the Debtor's discharge, and if not, whether his conduct did violate Bankruptcy Rule 9011.

The letter tendered by Mr. Forizs to Mr. Conklin outlines what Mr. Forizs characterized as unconverted facts. The following is illustrative of what was contained in Mr. Forizs' letter:

1. That the Debtor attempted to sell the assets in question at arm's length several months before he filed his Petition for Relief. To this end, the Debtor employed various brokers, one of which was a Mr. Curley, a licensed real estate broker.

According to Mr. Forizs, Mr. Curley would testify at the final evidentiary hearing that he was unable to sell the Debtor's assets and that most of his assets were essentially unmarketable, i.e., a partnership interest in a partnership which he owned in real property in Crystal River, Florida.

2. That the note which the Debtor owed was also virtually unmarketable as it was secured by a second mortgage which was subordinate to a large first mortgage.

Mr. Forizs indicated that he would present expert testimony that there was no market for such a note, and the Debtor was fortunate to have received an offer for it.

The letter goes on to outline each asset which the Debtor sold prior to the commencement of his case and Mr. Forizs recites to Mr. Conklin the testimony he will elicit to show that the transfers by the Debtor were not done with the intent to hinder, delay or defraud his creditors.

Be that as it may, this Court is satisfied that this letter alone would not necessarily vitiate a cause of action under § 727 of the Bankruptcy Code.

While the letter may indicate that these assets were highly unmarketable, the fact of the matter is that the assets were in fact sold and the proceeds were used by the Debtor to selectively pay obligations. The letter does not vitiate the fact that the Debtor did, in fact, transfer these assets to friends, former counsel and various acquaintances and received the funds used by them to avoid any embarrassment or cause hard feelings which may occur if the Debtor had filed for bankruptcy without repaying some of his debts owed to his friends and associates. This payment to selective creditors while nonpayment to others prior to bankruptcy may certainly give rise to a § 727(a)(2)(A) Complaint and, therefore, this Court is satisfied that based on the foregoing, the Debtor's Motion for Sanctions should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Sanctions be, and the same is hereby denied.

DONE and ORDERED.