In re Gary R. FROID, Debtor.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LARGO, Plaintiff,**

v.

**Gary R. FROID, Defendant.**

**Bankruptcy No. 87–6320–8P7. Adv. No. 88–60.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 6, 1989.

Leslie Conklin, Clearwater, Fla., for plaintiff, First Federal Sav. & Loan.

Theresa J. Rooney and Zala L. Forizs, St. Petersburg, Fla., for defendant, Gary R. Froid.

## ORDER ON MOTION FOR REHEARING ON ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Rehearing filed by counsel for Gary R. Froid (Debtor). The Motion is addressed to a previous Order entered by this Court on June 2, 1989, 101 B.R. 314, which denied the Debtor's Motion which sought an award to the Debtor for attorney fees and expenses incurred by him in defending the adversary proceeding brought by Florida Federal Savings and Loan Association of Largo (Florida Federal). The Motion was amended but the amendment merely sought an additional allowance to the Debtor for the costs he incurred in defending the adversary proceeding. On June 2, 1989, this Court entered an Order and denied the Motion for Sanctions. In spite of the fact that neither the original Motion nor the amended Motion sought the imposition of sanctions against Leslie M. Conklin, counsel for First Federal, the Order basically dealt with Bankruptcy Rule 9011, the so-called certification rule, which permits, under appropriate circumstances, the imposition of sanctions on an attorney who violated the Rule by his or her signature. Unfortunately, when this matter was argued, apparently no one called to the Court's attention the fact that the Motion, as amended, did not rely on Bankruptcy Rule 9011 and did not seek imposition of sanctions against Mr. Conklin, as noted earlier, but merely sought an award of attorney fees and costs to the Debtor for defending the above-captioned adversary proceeding.

In its Motion for Rehearing, the Debtor insists that this Court overlooked the fact

that the Debtor sought an imposition of sanctions against First Federal and the Order failed to consider the Court's inherent power to assess attorney fees against First Federal.

Considering the record, together with the Motion, this Court is satisfied that counsel for the Debtor is correct in that the Order of June 2, 1989 did not treat the request for an award of attorney fees against First Federal but limited its consideration to the application of Bankruptcy Rule 9011. Thus, to the extent of this omission, the Motion for Rehearing is well taken and granted and upon rehearing, this Court finds and concludes as follows:

On November 20, 1987, the Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On December 20, 1988, Mr. Conklin, on behalf of First Federal, filed the Complaint in which First Federal sought the denial of the Debtor's discharge based on Section 727 of the Bankruptcy Code without actually specifying the particular subsection on which the relief sought was based. The claim set forth in the Complaint alleged that the Debtor transferred several assets to his business associates and friends, that the transfers were for less than fair and adequate consideration, and were done with the intent to hinder, delay and defraud creditors. As an additional ground for objecting to the Debtor's discharge, the Complaint contained the allegation that the Debtor converted the proceeds from these sales into exempt assets for the purpose of delaying or defrauding his creditors. The Complaint was processed in due course, and the issues raised by the pleadings were tried. At the end of the Plaintiff's presentation of its evidence, the Debtor moved for involuntary dismissal. The Motion was based on the contention of the Debtor that the Plaintiff failed to establish a prima facia claim. The motion was granted and this Court dismissed the Complaint with prejudice.

It appears that prior to the trial, counsel for the Debtor addressed a letter to Mr. Conklin, counsel for First Federal, in which he outlined certain facts claimed to be un-controverted which, according to counsel for the Debtor, clearly indicated that the Plaintiff had no viable claim which would be established at the final evidentiary hearing. Notwithstanding this fact, the Plaintiff proceeded to trial and, as noted, not having presented any evidence in opposition to the Motion, suffered an involuntary dismissal.

These are basically the facts which appear from the record which counsel for the Debtor views as sufficient to award attorney fees under the inherent power of the Court against the Plaintiff, First Federal.

Courts are generally in agreement that regardless of what standard one applies, a litigant who presses on with a position after being warned either by the court or by an adversary that the case law or facts flatly contradict the position urged by the litigant will be sanctioned under Rule 11. *See e.g., Robinson v. National Cash Register Co.*, 808 F.2d 1119 (5th Cir.1987); *Lane v. Sotheby Parke Bernet, Inc.*, 758 F.2d 71 (2d Cir.1985) (per curiam); *Long v. Quantex Resources, Inc.*, 108 F.R.D. 416 (S.D.N.Y.1985); *Van Berkel v. Fox Farm and Road Machinery*, 581 F.Supp. 1248 (D.Minn.1984). However, the Second Circuit rejected this concept in the case of *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir.1986) *cert. den.*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987), and held that this Rule does not impose an ongoing and continuing duty and, therefore, Rule 11 cannot be a basis for sanctions if discovery indicates that a claim might be frivolous and not tenable. However, the Fifth Circuit reached the opposite conclusion in the case of *Robinson, supra*. This Court is bound by the holding of the Fifth Circuit, unless the newly created Eleventh Circuit deals with the same subject in a different manner, *see Bonner v. Prichard*, 661 F.2d 1206 (11th Cir.1981); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). Therefore, this Court is inclined to follow *Robinson, supra*, and conclude that under Rule 11, it may be appropriate to impose sanctions for continuing to press a claim which is frivolous.

**296**

In addition the authority to impose fees and expenses on counsel as sanctions for willful abuse of the judicial process has also been found to be included in the inherent power of the Bankruptcy Court. *In re Usoskin*, 61 B.R. 869 (Bkrtcy.E.D.N.Y. 1986); *In re Perez*, 43 B.R. 530 (Bkrtcy.S. D.Tex.1984); *In re Silver*, 46 B.R. 772 (D.C.Colo.1985) The power to correct abusive practices is seen to lie in 11 U.S.C.S. § 105(a), which provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11. *In re Chisum*, 68 B.R. 471 (9th Cir. BAP 1986).

While § 105(a) may be used to enforce orders of the court, it is not appropriate in the present case, where the letter sent by counsel for the Debtor merely set forth his position and stated the evidence he intended to produce at the trial. This position however did not necessarily have a substantial persuasive force to compel a reasonable attorney to discontinue process of the adversary proceeding. The fact that the plaintiff did not produce any evidence which made out a prima facie case does not necessarily compel the conclusion that imposition of sanctions would be appropriate under these circumstances.

For the reasons stated it is

ORDERED, ADJUDGED AND DECREED that the motion for reconsideration is hereby granted in part. It is further

ORDERED, ADJUDGED AND DECREED that upon reconsideration, the previous findings and conclusions and order be, and the same is hereby, reaffirmed.

DONE AND ORDERED.