**In re TAMOJIRA, INC., Debtor.**

**COUNTY OF CHESTERFIELD, VA, Movant,**

v.

**TAMOJIRA, INC., Debtor.**

**Bankruptcy No. 94–34438–T.**
**Adv. No. CMN 95–178.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

July 7, 1995.

---

Douglas E. Ballard, Virginia Beach, VA, for Debtor.

Michael S.J. Chernau, Chesterfield, VA, for Chesterfield County.

Gregg R. Nivala, United States Trustee, Richmond, VA.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held May 22, 1995, on the motion of the County of Chesterfield, Virginia, for sanctions based upon debtor's alleged bad faith filing of this bankruptcy case. The court took the matter under advisement. After considering counsel's argument, the material submitted by counsel, and the circumstances surrounding the filing of the petition, the court finds that sanctions are warranted against debtor's principal officer and its attorney pursuant to Bankruptcy Rule 9011(a).

### Findings of Fact [1]

Debtor Tamojira, Inc., filed a chapter 11 petition in the Western District of North Carolina on April 20, 1994. Chesterfield County moved for relief from stay or, in the alternative, dismissal of the case for filing the petition in bad faith. After an evidentiary hearing, Bankruptcy Judge R. George Hodges granted Chesterfield County's motion. Based on the following findings of fact and conclusions of law, Judge Hodges concluded

1. A majority of the findings of fact were stated in the court's memorandum opinion of March 30, 1995, which granted Chesterfield County relief from the automatic stay. Because the facts are

that the case should be dismissed for bad faith filing:

1. On April 20, 1994, the debtor, Tamojira, Inc., filed a bankruptcy petition for reorganization. Joseph P. Pritchard, the debtor's sole shareholder, formed the debtor corporation immediately prior to the bankruptcy filing. Upon the debtor's formation, Pritchard transferred his interest in two parcels of real property located in Chesterfield County, Virginia, to the debtor. As a result, shortly after its formation, the debtor owned an undivided one-half interest with M. Lacy Fendley of a 200 acre (more or less) parcel of property and an undivided one-half interest with Christopher DeCapri of a 40 acre (more or less) parcel. The debtor has no employees, no income, and no ongoing business activity.

2. Prior to the bankruptcy petition, Mr. Fendley filed an action in the Circuit Court for the County of Chesterfield, Virginia, against Mr. Pritchard seeking partition of the 200 acre parcel. In addition, in 1989[,] Mr. DeCapri filed an action in the same court seeking partition of the 40 acre parcel. Mr. Pritchard has contested the partition actions, and as of this date, the parties have come to no resolution of the partition actions.

3. Mr. Pritchard and his co-owners have not paid property taxes on the two parcels of property for several years. As a result, Chesterfield County instituted an action to foreclose on the 40 acre parcel to collect delinquent property taxes. Mr. Pritchard attempted to frustrate the tax foreclosure suit in state court for over a year.

4. The tax foreclosure sale was scheduled to take place on April 20, 1994. On April 20, 1994, the debtor filed a bankruptcy petition before the scheduled tax foreclosure sale, thereby enjoining the sale pursuant to Code § 362(a)(3).

5. The debtor states that the purpose of the bankruptcy petition was to prevent the foreclosure sale of the 40 acre parcel at a distress price and to allow the debtor an

helpful in the context on this motion for sanctions, I incorporate those facts into this holding and reiterate a portion of them in this opinion.

opportunity to sell both properties, free from Virginia litigation, at their highest values.

6. Notwithstanding the debtor's assertions, the debtor has completely failed during the six (6) months that this bankruptcy case has been pending to comply with the orders of this Court.

7. The facts establish a textbook example of "new debtor syndrome" in which a single asset corporation was formed for the purpose of isolating the assets from its creditor.

8. The County is the debtor's only creditor making this a two party dispute which should be resolved, and currently is being resolved, in state court actions in Virginia. The bankruptcy court was not designed to address this type of dispute.

9. Mr. Pritchard has produced nothing to date to indicate that his actions in filing this petition were anything more than a litigation tactic to further frustrate the efforts of the County to collect its taxes. At best, this bankruptcy was filed in order to allow the debtor time to speculate that the value of the property will increase, but the debtor's own evidence was that, for a variety of reasons, there are questions about the value of the property and its marketability.

10. The evidence established that Mr. Pritchard filed this petition in bad faith with the subjective intent to frustrate the County's tax foreclosure.

11. The evidence also establishes that, viewing the facts objectively, reorganization of this debtor is futile.

Upon entry of Judge Hodges' order dismissing the case on November 8, 1994, Chesterfield County proceeded with rescheduling the tax sale and set the date for December 16, 1994.

After the case was dismissed for bad faith, debtor's principal officer and stockholder, Joseph P. Pritchard, contacted Virginia attorney Douglas E. Ballard about refiling for bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. Ballard requested Tamojira's North Carolina bankruptcy file from the North Carolina bankruptcy attorney. After receiving and reviewing the attorney's file, Ballard, who is not a bankruptcy specialist, discussed the possibility of filing for bankruptcy in Virginia with a Norfolk, Virginia, bankruptcy attorney, who allegedly told Ballard that he could refile in Virginia so long as the previous case in North Carolina had not been dismissed with prejudice.

On December 13, 1994, without any further review of the previous bankruptcy by Ballard, he prepared and filed the chapter 11 petition that commenced the instant bankruptcy case.

After debtor had filed its petition, counsel for Chesterfield County contacted Ballard to advise him of the history of the North Carolina bankruptcy and requested debtor's counsel to withdraw the case; Ballard refused.

Some weeks after the bankruptcy petition was filed, Ballard contacted B. VanDenburg Hall, a tax attorney, about the validity of Chesterfield County's tax sale of Tamojira's real property. According to Hall's time records, Hall began to research this information on February 14, 1995. Hall concluded that debtor's delinquent real estate tax payments could be met through the rents and profits of the land, instead of the sale of the entire parcel.

On March 9, 1995, Chesterfield County moved for relief from the automatic stay so that the tax sale could proceed. The county also moved for sanctions against debtor, debtor's attorney, or both based on debtor's alleged bad faith filing.

On March 30, 1995, this court granted Chesterfield County's motion for relief from stay, holding that the county may auction debtor's property in order to satisfy debtor's outstanding real property tax liability. The court determined that the petition had been filed in bad faith. The court continued the hearing on sanctions until Chesterfield's attorney had submitted an itemization of the sanctions sought.

On May 22, 1995, debtor's counsel responded to Chesterfield County's motion for sanctions, alleging the Virginia bankruptcy petition was filed in good faith as evidenced

by counsel's inquiry into the background of the North Carolina bankruptcy case. Debtor's counsel also claimed that under Virginia law, the rents and profits of the land are sufficient to cover the tax liability owed by debtor to Chesterfield County; thus, he asserts there is no need to sell debtor's entire tract of land.

The United States Trustee filed a motion for conversion or dismissal of this case on June 9, 1995, based upon debtor's failure to make required payments and for not filing operating reports for the months of March and April 1995. Hearing on this motion is scheduled for July 26, 1995.

Chesterfield County submitted an itemization of its costs and fees for which it seeks sanctions. The county attorney requested a total of $9,277.59 in sanctions for actions taken after the December 13, 1994, bankruptcy filing. This amount includes $6,370.00 in fees and costs incurred by the attorney representing the county treasurer in the tax sale and $2,857.59 in fees and costs incurred by the county attorney directly in connection with this bankruptcy case.

Under the circumstances of the case, Ballard failed to reasonably investigate the previous bankruptcy case and the reason for its dismissal prior to filing the instant case.

### Discussion and Conclusions of Law

In April 1994, the corporate debtor in this chapter 11 case filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of North Carolina. That case was dismissed by the bankruptcy court based upon debtor's bad faith filing of the petition. Following the dismissal in North Carolina, debtor's principal, Joseph Pritchard, obtained new Virginia counsel for debtor, Douglas E. Ballard. Ballard prepared and filed the chapter 11 petition in the instant case.

■■■ Counsel for Chesterfield County argues that debtor's counsel, Mr. Ballard, and its principal, Mr. Pritchard, should be held liable for sanctions pursuant to Fed. R.Bankr.P. 9011(a) on account of debtor's bad faith bankruptcy filing in Virginia. Under Fed.R.Bankr.P. 9011(a) there is an affirmative duty placed on the attorney for a party to investigate the relevant facts and law prior to submission of any pleadings, motions, or papers. *In re U.S. Truck Co.*, 71 B.R. 99, 101 (Bankr.E.D.Mich.1987). The investigation must be reasonable in light of the facts of the case. *In re Oakgrove Village, Ltd.*, 90 B.R. 246, 250 (Bankr.W.D.Tex.1988). If the court finds that these criteria have not been met, the court has discretion to sanction the attorney, the client, or both. *In re Palumbo Family L.P.*, 182 B.R. 447, 472 (Bankr.E.D.Va.1995). The scope of the sanctions are also within the court's discretion.[2] *In re Palumbo*, 182 B.R. at 472.

■■■ The factors which a court should consider when determining the reasonableness of an investigation include the amount of time available, reliance upon the client or another attorney for factual information, and the plausibility of the law utilized in the pleading. *See In re Oakgrove Village, Ltd.*, 90 B.R. at 250.

Although here time was of the essence due to the county's imminent tax sale, debtor's counsel did a minimal and cursory investigation of the background and of debtor's prior bankruptcy before filing the instant petition. Ballard's own bankruptcy consultant informed him that he should not file a petition if the previous case was dismissed with prejudice. Accordingly, Ballard was on actual notice that he should investigate the ruling in the previous case. Ballard concedes that he did not obtain a copy of the order entered in North Carolina. Instead, he relied on a draft order found in previous counsel's file. Ballard has stated that he did not believe this draft was final. Yet, he neither checked the final disposition of the North Carolina bankruptcy court, nor did he elicit information from his client pertaining to the circum-

---

**2.** Fed.R.Bankr.P. 9011(a) reads in part:
If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

stances surrounding the previous case's dismissal. Even after opposing counsel notified Ballard that the North Carolina case had been dismissed for bad faith filing, Ballard failed to obtain the final order in the North Carolina case and declined to further investigate whether he should proceed with the current bankruptcy.

Instead, some weeks after filing for bankruptcy, Ballard contacted a tax · attorney about the validity of Chesterfield's tax sale. Based upon that attorney's research, Ballard concluded that Tamojira should use the rents and profits of the Chesterfield County parcel to repay the back taxes instead of selling the entire tract of land. In essence, Ballard's efforts have focused on challenging the validity of Chesterfield's tax sale instead of designing a plan of reorganization for debtor.

■ A "legal position is unwarranted and frivolous if it is clear that the position has no chance of success under existing law." *In re Fromal,* 151 B.R. 730, 733 (E.D.Va. 1993), *aff'd, Fromal v. Robins (In re Fromal),* 14 F.3d 594 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2148, 128 L.Ed.2d 875 (1994). A change in circumstances must occur between the dismissal of one case and the refiling of another. See *Shearson Lehman Hutton Mortgage Corp. v. Hundley (In re Hundley),* 103 B.R. 768, 771 (Bankr. E.D.Va.1989). Ballard could not have known whether his position was warranted when he filed the bankruptcy petition because he had never fully investigated the circumstances in the North Carolina case. He did not even request the judge's order disposing of the case.

■ Based on this conduct, I find that Ballard failed to perform a reasonable investigation into the law and facts of the underlying bankruptcy. Since the earlier bankruptcy had been dismissed for bad faith filing, the instant case was also filed in bad faith in that there had been no change in the circumstances.[3] See *Upadhyay v. Burse (In re Burse),* 120 B.R. 833, 836 (Bankr.E.D.Va. 1990) (filing must be reasonable under circumstances); *In re HBA East Inc.,* 101 B.R.

411, 416 (Bankr.E.D.N.Y.1989) (to determine whether case is filed in bad faith, examine factors and make objective evaluation of circumstances surrounding filing rather than subjective intent of party).

■ This conclusion is further supported by the general proposition that a bankruptcy petition must be filed in good faith. The Fourth Circuit has ruled that the debtor must meet both subjective and objective standards of good faith. *See Carolin Corp. v. Miller,* 886 F.2d 693, 700 (4th Cir.1989). Subjectively, debtor's attempt at reorganization has been minimal, and his conduct in this case has been far from exemplary. Debtor filed for bankruptcy over six months ago, yet he has not filed a disclosure statement. Although debtor filed a plan, debtor's counsel conceded that the plan was inadequate and that he needed to file a modified plan. Debtor filed the initial reports with the United States Trustee's Office; however, the reports are incomplete. The U.S. Trustee has moved to convert or dismiss the case because debtor has failed to make payments and file monthly operating reports for March and April. Debtor's principal, Joseph P. Pritchard, failed to attend the 11 U.S.C. § 341 meeting scheduled for January 20, 1995. Because Pritchard was sick and had car trouble, the United States Trustee continued the hearing to January 31, 1995. Pritchard failed to attend this hearing because he was allegedly ill. Accordingly, the case was dismissed pursuant to Local Rule 209.

Chesterfield County rescheduled the tax sale for February 10, 1995. On February 10, 1995, this court conducted an expedited hearing on debtor's motion to reinstate the case. Pritchard testified that he had every intention of proceeding with debtor's case and that he was truly ill on the days of the scheduled § 341 meeting. Because of this testimony and the fact that Local Rule 209 had recently been amended, the court gave Pritchard the benefit of the doubt and reinstated the case.

Objectively, the evidence, proffers, and debtor's conduct demonstrate that reorgani-

---

3. The court granted relief from stay to Chesterfield in this case partly upon the court's finding

that the North Carolina Bankruptcy Court's bad faith dismissal was res judicata here.

zation in this case is futile. Debtor alleges that it wants to use the rents and profits from the land to pay the due taxes and to operate the business. However, debtor has not demonstrated what business it intends to operate. Debtor filed a motion to incur debt against its real property but continued the matter due to an illness in Pritchard's family. Debtor has failed to further prosecute this motion.

Debtor's argument that this is a very complex case which requires additional time is meritless. Debtor failed to propose a plan for over six months in the case in North Carolina and has made minimal progress towards reorganization in this court. This case appears to be nothing more than a continued attempt to delay the tax sale.

Since debtor's principal Pritchard instigated the filing of this second bankruptcy petition in bad faith, he is subject to sanctions under Fed.R.Bankr.P. 9011(a), as is his counsel Ballard who failed to conduct a reasonable investigation of the previously dismissed case.

■ Having determined that sanctions are warranted, the appropriate sanctions are within the court's discretion. *See In re Palumbo,* 182 B.R. at 472. Fed.R.Bankr.P. Rule 9011(a) permits reasonable sanctions including attorneys' fees and other warranted punishment under the circumstances such as reprimand or further legal education. *See In re Palumbo,* 182 B.R. at 472; *Eighty South Lake, Inc. v. Bank of America N.T. & S.A. (In re Eighty South Lake, Inc.),* 81 B.R. 580, 583 (9th Cir. BAP 1987) (holding greater means attorney has to pay sanctions, greater award must be to deter future behavior); *In re U.S. Truck Co. Inc.,* 71 B.R. at 101 (holding attorney should be compensated for time spent responding to frivolous motion).

In order to ascertain reasonable sanctions, I have reviewed the itemizations of legal expenses submitted by counsel for Chesterfield County dated May 24, 1995. These costs consist of filing fees, research, and attendance at various hearings. Counsel

claims a total of $9,277.59 in time and expenses; this includes $6,370.00 in fees and costs for counsel representing the county treasurer in the tax sale and $2,857.59 in attorneys' fees incurred directly by Chesterfield County due to debtor's bad faith filing of the current bankruptcy petition.

I find that the appropriate sanction here is the amount of the attorneys' fees directly incurred by Chesterfield County in connection with this bankruptcy case, $2,857.59. The remaining amount of $6,370.00 incurred by the county in connection with the tax sale has not been shown to be directly related to the bankruptcy filing and will therefore not be included in the sanctions award.[4]

In summary, I find that Pritchard and Ballard violated Fed.R.Bankr.P. 9011(a). Accordingly, sanctions in the amount of $2,857.59 are warranted and will be imposed against them jointly and severally.

A separate order will be entered.

---

4. To determine reasonableness under Fed. R.Bankr.P. 9011, the court applies the twelve-factor test of *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). *See In re Palumbo,* 182 B.R. at 475.