**MARTINEZ, INC., Plaintiff,**

v.

**H. LANDAU & CO., et al., Defendants.**

**H. LANDAU & CO.,
Counterclaim Plaintiff,**

v.

**Donald MARTINEZ: Mark J. Munoz;
and Martinez, Inc., Counterclaim
Defendants.**

Civ. No. F 85–10.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Oct. 23, 1985.

Joseph W. Kimmell, Michael L. James, Shoaff, Parker & Keegan, Fort Wayne, Ind., for plaintiff Martinez, Inc.

James G. Wiles, Philadelphia, Pa., Martin T. Fletcher, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, Ind., for defendant and counterclaim plaintiff H. Landau & Co.

Michael L. James, Shoaff, Parker & Keegan, Fort Wayne, Ind., for counterclaim defendants.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on counterclaim-plaintiff's ("Landau") motion for Rule 11 sanctions against the counterclaim-defendants ("Martinez") for the filing and subsequent withdrawal of their motion to dismiss the counterclaim. Both sides have briefed the motion. For the following reasons, the motion will be denied.

This case arises out of the dealings between Martinez and Landau under a contract whereby Landau agreed to supply certain fabric to Martinez for use in the production of ammunition cases for the United States Army. In January, 1985, Martinez filed this lawsuit, alleging that Landau had breached its contract, breached certain warranties, and committed fraud. By answer and counterclaim filed April 3, 1985, Landau claimed that Martinez violated the federal Racketeer Influenced and Corrupt Organizations Act (RICO), as well as the Indiana state RICO statute. Landau sought treble damages.

On June 24, 1985, Martinez filed a motion to dismiss the counterclaim, alleging four grounds for dismissal:

(1) that the federal RICO count failed to state a claim because it failed to allege a conviction on any of the predicate offenses alleged (the "prior conviction" requirement);

(2) that the federal RICO claim failed to state a claim because it failed to allege any injury suffered by reason of the pattern of racketeering activity which was distinct from the injuries suffered as a result of the predicate offenses (the "RICO injury" requirement);

(3) that the federal RICO claim failed to state a claim because Martinez could not simultaneously be an "enterprise" and a "person" under the RICO act; and

(4) the state RICO claim failed to state a claim because of the three shortcomings of the federal claim as well as the need to abstain from deciding state law until the state courts have had an opportunity to interpret it.

The first two grounds were based on the Second Circuit's decision in *Sedima, S.P. R.L. v. Imrex Co., Inc.*, 741 F.2d 482 (2d Cir.1984), *rev'd*, —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), which was in conflict with the Seventh Circuit's decision in *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 747 F.2d 384 (7th Cir.1984), *aff'd*, —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). Martinez asked this court to defer ruling on the motion to dismiss until after the Supreme Court decided the appeals in those cases.

On July 1, 1985, the Supreme Court decided *Sedima* and *Haroco*, rejecting the *Sedima* arguments upon which Martinez had relied. On July 26, 1985, Landau filed a memorandum of law in opposition to the motion to dismiss, devoting two pages to the first two grounds, and ten pages to grounds three and four. On August 21, 1985, Martinez addressed a letter to this court, in which the counterclaim defendants stated:

In light of the Supreme Court's decisions in *Sedima* ... and *Haroco* ... it is apparent that Martinez's Motion to Dismiss the RICO claims *on the pleadings* is not now appropriate. Accordingly, in order to save the Court the burden of researching the issues raised in Martinez's motion and in order to conserve the Court's time in conducting oral arguments on it, Martinez now withdraws its motion.

On August 29, 1985, Landau filed this motion, seeking an award of attorney's fees and costs for defending against the motion to dismiss.

Landau argues that grounds three and four of the motion to dismiss were unfounded in law and directly contrary to controlling precedent. Specifically, Landau claimed that the "person"-"enterprise" distinction at the heart of the third ground had been expressly rejected by the Seventh Circuit in *Haroco*, while the abstention urged in the fourth ground was rejected by the Supreme Court in *Meredith v. City of Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). Further, Landau contends that because these issues were not the issues upon which the Supreme Court granted certiorari in *Sedima* and *Haroco*, Martinez knew they were groundless when the motion was filed. Landau also claimed that Martinez' attempt to withdraw the motion in the letter of August 21 was an attempt to hide the third and fourth grounds from judicial scrutiny by claiming that *Sedima* and *Haroco* were the reason for the withdrawal.

■ Rule 11 of the Federal Rules of Civil Procedure, as amended in 1983, provides in pertinent part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include ... a reasonable attorney's fee.

The core of Rule 11 is that the signature on the pleading or motion certifies that the pleading is "well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." This certification must be based on knowledge and belief "formed after a reasonable inquiry." Thus, Rule 11 sanctions cannot be avoided by a mere subjective belief that the law or facts are a certain way; the "reasonable inquiry" language makes the test an objective one. *Indianapolis Colts v. Mayor and City of Baltimore*, 775 F.2d 177, 181 (7th Cir.1985); *Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir.1985).

■ An unstated assumption of Landau's argument for sanctions is that Rule 11 applies to the parts of a pleading as well as the whole. Here, Landau does not state that the first two grounds of the motion to dismiss were unwarranted by existing law or offered in violation of Rule 11—indeed, given the pendency of the *Sedima* and *Haroco* appeals in the Supreme Court at the time the motion was filed, Landau could not make that claim in good faith. Thus, Landau focuses exclusively on grounds three and four, in effect arguing that their lack of merit alone justifies Rule 11 sanctions regardless of the merits of grounds one and two.

The court believes that Rule 11 was not intended to be a weapon against particular arguments in a motion or pleading, but was designed to address the pleading as a whole. The language quoted above specifically states that the lawyer's signature certifies that the "pleading, motion, or other paper" is warranted by existing law, and that sanctions must be imposed if the "pleading, motion, or other paper" is signed in violation of the rule. That lan-

guage is clearly identifying the entire document, and not merely a part of it. Recent case law under Rule 11 appears to focus on the filing of the entire pleading or motion, as opposed to parts of the document. *See e.g., Indianapolis Colts,* at 181–182; *Hilgeford v. Peoples Bank, Portland, Indiana,* 607 F.Supp. 536 (N.D.Ind.1985); *Cameron v. IRS,* 593 F.Supp. 1540 (N.D. Ind.1984); *Dore v. Schultz,* 582 F.Supp. 154, 158 (S.D.N.Y.1984). It is true that the Advisory Committee Notes state that the purpose of Rule 11 is to "discourage dilatory and abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses," and that the Seventh Circuit has recently stated that a lawyer's duty under Rule 11 is to "limit litigation to contentions 'well grounded in fact and ... warranted by existing law ...,'" *In re: TCI Limited,* 769 F.2d 441, 445 (7th Cir.1985), both of which may seem to indicate that Rule 11 can focus on individual arguments within a pleading or motion. However, the court does not so interpret either these comments or the Rule itself as allowing such an application of the Rule.

This case is a prime example of the incongruity of interpreting Rule 11 as applying to individual arguments within a motion. Assume for a moment that Landau is correct that grounds three and four of the motion to dismiss are groundless, and assume further that the Supreme Court had adopted the *Sedima* interpretation of the federal RICO statute. This court would be bound by the Supreme Court precedent to dismiss the counterclaim, and yet be required (under Landau's interpretation of Rule 11) to issue sanctions for filing a successful motion because two of the four grounds were legally groundless. It is incomprehensible that the drafters of Rule 11 intended such a result, and this court would not issue sanctions in such a situation.

■ A second problem posed by Landau's view of Rule 11 is the effect it would have on the formulation of strategy in a case. An attorney who must worry about the possibility of sanctions for raising a marginal legal issue along with several sound grounds for a motion or pleading will invariably choose to reduce his risk and not raise the issue. Such timidity does disservice both to the client and to the law. The Advisory Committee Notes specifically state that Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," yet an interpretation of Rule 11 which allows for sanctions based on motions containing both good and bad arguments would result in precisely such a chill. The court therefore rejects Landau's interpretation of Rule 11. Thus, a court must look to the pleading or motion as a whole when attempting to determine the propriety of Rule 11 sanctions, as litigants should not be penalized for presenting potentially meritorious issues or grounds in a motion.

The motion here was based in part on two issues of unsettled law. *Sedima* was good precedent for Martinez' position, and the motion would have been granted on those grounds if the Supreme Court had adopted the Second Circuit's reading of the RICO statute. Precisely because the motion could have been granted on those grounds, the court finds that the motion to dismiss the counterclaim was, as a whole, "warranted by existing law or a good faith argument for extension, modification, or reversal of existing law," and was not interposed for an improper purpose. Thus, Rule 11 sanctions are not warranted in this case.

■ Even if Rule 11 allowed for a point by point analysis of each pleading or motion, the court is not convinced that Martinez violated the Rule. In the third ground of the motion to dismiss, Martinez contended that it could not be both the "person" and "enterprise" necessary for a RICO violation. Landau argues that Martinez completely ignored controlling precedent, because the *Haroco* case held that a corporation can be both "person" and "enterprise." Landau has only selectively read the *Haroco* decision. It is true that the Seventh Circuit held that a corporation

can be both "person" and "enterprise"—and thus be able to commit a RICO violation by itself—under 18 U.S.C. § 1962(a). 747 F.2d at 399–402. But it also held that a corporation cannot be both under § 1962(c), specifically citing with approval *Parnes v. Heinhold Commodities, Inc.*, 548 F.Supp. 20 (N.D.Ill.1982), which stated that a plaintiff could not hold the corporation liable if it, as an "enterprise," had been used by individuals as their enterprise to commit the RICO violation. 548 F.Supp. at 24. A close reading of Martinez' memorandum in support of the motion to dismiss reveals that Martinez sought dismissal of the corporation on precisely such grounds. Given *Haroco*'s approval of *Parnes*, this court cannot say that Martinez' third ground was legally baseless.

■ As for the fourth ground, which concerned itself with the state RICO claim, Landau focuses exclusively on Martinez' abstention argument, ignoring the fact that Martinez had also alleged that the three grounds for dismissal of the federal RICO claim had been raised as well. These three grounds may have justified a dismissal regardless of the merits of the abstention argument, especially if the Supreme Court had gone the other way in *Sedima*. Certainly the interpretation of the Indiana RICO statute would have involved federal case law based upon the similar federal statute. Therefore, the court finds that Martinez' fourth ground was not so legally baseless as to justify Rule 11 sanctions.

A final matter deserves comment. Landau has attempted to paint Martinez' withdrawal of the motion to dismiss as some kind of attempt to hide the meritless third and fourth grounds of the motion by reference to the Supreme Court's *Sedima* and *Haroco* decisions. This court detects no such motive. The Supreme Court's rulings in those cases could have had an effect on those two grounds. The Supreme Court does not always decide cases only on the issue granted certiorari; it may have considered the "person-enterprise" issue in attempting to advance a particular reading of the RICO statute. And of course, any reading of the federal statute would have some role to play in interpreting the Indiana statute. After *Sedima*, Martinez may have decided that it wasn't worth the fight to continue, and therefore withdrew the motion. That is hardly evidence of bad faith or motive.

Courts must be on guard against abusive and dilatory tactics by litigants, but must also prevent Rule 11 proceedings from taking on a life of their own through their use for every motion filed in a case. Landau's desire to apply Rule 11 to individual arguments in motions would spawn litigation as potentially abusive as that which Rule 11 is designed to prevent. This court's reading of Rule 11 as applying to motions as a whole better achieves the balance sought by Rule 11, and guarantees that courts will spend their time deciding the merits of cases and not the collateral issues of Rule 11 disputes.

For the above stated reasons, the motion for sanctions under Rule 11 is hereby DENIED.