**In re Green S. HAMILTON, Debtor.**

**Green S. HAMILTON, Objector,**

v.

**UNITED STATES of America, through INTERNAL REVENUE SERVICE, Respondent.**

**Bankruptcy No. 87–10666–ALB.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Aug. 21, 1989.

Fife M. Whiteside, Columbus, Ga., for objector.

Ann Reid, Dept. of Justice, Tax Div., Washington, D.C., for respondent.

Walter W. Kelley, Albany, Ga., Chapter 12 trustee.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On April 10, 1989, a hearing was held on Debtor's Objection to Claim No. 11 and Debtor's Motion for Rule 9011 sanctions against the United States of America by and through the Internal Revenue Service (hereinafter "IRS"). The court invited both parties to submit briefs on the issue of whether Rule 9011 sanctions were appropriate. At the end of the briefing schedule, both parties presented oral argument to the court on the above issue. This court, having considered the arguments and briefs of counsel, now renders this Memorandum Opinion.

The Debtor filed his voluntary Chapter 12 bankruptcy petition on September 29, 1987. As of that date, the Debtor had filed income tax returns for the years 1982 and 1983, but had not filed income tax returns for the years 1984, 1985, and 1986. The Debtor had not filed either 1984 or 1985 income tax returns, because he had no in-

come in either of these years. The Debtor and his wife late filed their joint 1986 income tax return on October 20, 1987. They did not file their joint 1984 and 1985 federal income tax returns until March, 1989.

The IRS filed a proof of claim with this court on January 25, 1988. The claim was prepared by a technician at the Bankruptcy Insolvency Unit of the IRS in Atlanta, Georgia, and signed by the Chief of the Unit. The IRS's proof of claim denoted:

(1) Income tax due for the year 1982 in the amount of $1,532.00 (unliquidated).

(2) Income tax due for the year 1983 in the amount of $1,782.00 (unliquidated).

(3) Income tax due for the year 1984 in the amount of $2,032.00 (unliquidated).

(4) Income tax due for the year 1985 in the amount of $2,282.00 (unliquidated).

(5) Income tax due for the year 1986 in the amount of $2,532.00 (unliquidated).

(6) 943 (FICA) tax for 1984 in the amount of $1,493.30 with $573.77 in interest and for 1985 in the amount of $1,536.00 with $312.39 in interest.

The subtotal of taxes due for the Debtor was $13,189.90 with $1,228.10 in penalties and $886.16 in interest for a total of $15,-304.46 [1] claimed by the IRS.

The Debtor filed an objection to Claim No. 11 on February 23, 1989, and in his objection pursuant to Rule 9014 of the Bankruptcy Code,[2] prayed that the court direct the IRS to answer pursuant to Rule 7012 of the Bankruptcy Code.[3] Although the court directed that an answer be filed, the IRS did not file an answer, but instead filed "Amendment No. One" to its proof of claim on March 28, 1989. This Amendment No. One conformed to the Debtor's objection in that the tax owed by Debtor was 943 (FICA) for the tax period 1984 in the amount of $1,493.30 with interest to the petition date of $573.77 and 943 (FICA) for the tax period of 1985 in the amount of $1,536.90 with interest of $312.39. The

IRS offered no evidence as to why it submitted a proof of claim on taxes that were not owed.

The IRS contends that the Debtor's objection to Proof of Claim No. 11 should be dismissed as moot, since it has filed Amendment No. One to its Proof of Claim No. 11 which conforms exactly to the Debtor's objection. The IRS contends that Rule 9011 sanctions against it are not appropriate, since the IRS acted quickly in amending its proof of claim and that the Debtor was in fact indebted to the IRS for 943 (FICA) taxes due for the years 1984 and 1985. However, this fact alone does not, in the opinion of the court, change the duty under Rule 9011 of the Bankruptcy Code [4] that each part of the claim be well grounded in fact.

Rule 9011(a) provides in part:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. R.Bankr.P. 9011(a).

If there is a violation of Rule 9011 of the Bankruptcy Code,[5] the court has the power, by way of motion or on its own initiative, to impose sanctions on the person who signed the documents which may include an order to pay to the other party reasonable expenses incurred including reasonable attorney fees.

The Eleventh Circuit in *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987) described amended Rule 11 of the Federal

---

1. The total shown on the proof of claim is $15,304.46, but it appears to be $.30 more than shown on the supporting documents.

2. R.Bankr.P. 9014.

3. R.Bankr.P. 7012.

4. R.Bankr.P. 9011.

5. R.Bankr.P. 9011.

Rules of Civil Procedure [6] as having incorporated an objective standard of conduct which is more stringent than the original good faith formula. The court in *Donaldson* noted the objective standard "reminds courts to avoid using the wisdom of hindsight and to test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.* at 1556. Based on *Donaldson*, the IRS at the time of filing its Proof of Claim must have made a reasonable inquiry and must have believed that each part of its claim was well grounded in fact.

In support of its opposition to Rule 9011 sanctions, the IRS cites to the court the case of *Martinez, Inc. v. H. Landau & Co.*, 107 F.R.D. 775 (N.D.Ind.1985). The court in *Martinez* noted that "Rule 11 was not intended to be a weapon against particular arguments in a motion or pleading, but was designed to address the pleading as a whole." *Id.* at 777. In following *Martinez*, the IRS argues that although parts of its original proof of claim for taxes were factually incorrect, the document as a whole did not violate Rule 11. The Debtor contends that *Martinez* is factually distinguishable in that the court refused to impose Rule 11 sanctions for a motion to dismiss containing two of four theories of dismissal which were frivolous.

The Debtor cites to the court the case of *In re Film Ventures Int'l.*, 89 B.R. 80 (Bankr. 9th Cir.1988) which held that Rule 11 sanctions would be appropriate when one of several claims in a complaint or counterclaim are frivolous. The court in *Film Ventures* reasoned that Rule 8(e) of the Federal Rules of Civil Procedure [7] provides that "a party may also state as many separate claims and defenses as the party has ... and ... all statements shall be subject to the obligations set forth in Rule 11. The implication is that each claim must individually withstand Rule 11 scrutiny."

*Id.* at 85 (citing *Zick v. Verson Allsteel Press Co.*, 623 F.Supp. 927, 933, n. 12 (N.D. Ill.1985)).

This court is persuaded by the reasoning in *Film Ventures, supra.* The 1982, 1983, and 1986 tax years and any associated penalties for which proofs of claim were filed were incorrect. Although the 943 (FICA) taxes were properly claimed as well as the 1984 and 1985 taxes,[8] applying the reasoning in *Film Ventures* does not save the IRS from Rule 9011 sanctions when three parts of its proof of claim were not grounded in fact.

Accordingly, this court grants Debtor's Motion for Sanctions against the IRS and awards to the Debtor attorney fees for 17.5 hours at $95.00 per hour for a total amount of $1,662.50, which the court finds to be reasonable under the circumstances of this case.

---

6. Fed.R.Civ.P. 11.

Bankruptcy Rule 9011 adopts Rule 11 of the Federal Rules of Civil Procedure with only minor changes for use appropriate to bankruptcy cases.

7. Fed.R.Civ.P. 8(e).

8. At the time the IRS filed its proof of claim for the 1984 and 1985 tax liabilities, the Debtor had not filed his tax return. When the Debtor filed his tax return, no tax liability was found.