**In re Connie Madison BURSE, Debtor.**

**Dr. J. UPADHYAY, Plaintiff,**

**v.**

**Connie M. BURSE, Defendant.**

**Bankruptcy No. 89-02153-RT.**

**Adv. No. 90-3072-T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 14, 1990.

David K. Spiro, Riley, Cantor, Arkema & Edmonds, P.C., Richmond, Va., for debtor.

J. Upadhyay, Colonial Heights, Va., pro se.

Keith L. Phillips, Richmond, Va., Interim Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

In this chapter 7 case, J. Upadhyay filed a complaint to determine dischargeability of debt and to deny the debtor's discharge. Trial on the complaint was held on October 30, 1990, and at the conclusion of the trial this court made a bench ruling in favor of the debtor on all counts. An order reflecting the court's bench ruling was entered on November 7, 1990.

The sole remaining issue, which the court took under advisement, is whether the debtor is entitled to an award requiring the plaintiff to pay the debtor's reasonable attorney fees incurred in the adversary proceeding. The debtor requests this relief pursuant to Rule 9011 of the Rules of Bankruptcy Procedure and Rule 11 of the Fed.R.Civ.P. and 11 U.S.C. § 523(d).

For reasons stated in this opinion judgment will be entered against the plaintiff in

respect of the debtor's reasonable attorney fees and expenses in the amount of $1,533.20.

*Facts*

Prior to filing her bankruptcy petition the debtor had leased an apartment from the plaintiff Upadhyay in January 1989. She vacated these premises around the end of May in the same year. Subsequently, the plaintiff obtained a judgment against the debtor for unpaid rent and obtained a garnishment against the debtor in the amount of approximately $1,500.00.

The debtor filed her chapter 7 bankruptcy petition on September 12, 1989. On May 2, 1990, the plaintiff, pro se, filed a document entitled "Adversary Proceeding Amended Claim And Objection". This document has been treated as a complaint and is the basis of the instant adversary proceeding.[1]

In his adversary proceeding, plaintiff asked, among other things, that his claim be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), and (a)(6), and that the debtor's discharge be denied under 11 U.S.C. § 727(a)(2) and (a)(4).[2]

The debtor's answer essentially denied all allegations and asserted several affirmative defenses. In addition, debtor asked for attorney fees under 11 U.S.C. § 523(d) or, alternatively, sanctions against the plaintiff under Rule 9011 of the Bankruptcy Rules.

At trial plaintiff presented two witnesses, himself and an individual who was a custodian of records for debtor's employer. This second witness gave evidence of the amount of debtor's compensation in years 1987–90.

In summary, the evidence presented by plaintiff was that the debtor leased an apartment and failed to pay all rent owed. Plaintiff's rental application form that the debtor and her husband filled out and signed on January 2, 1989, contained a statement of their monthly income and their current residence, among other things. The application did not require a statement of debt.

It was plaintiff's testimony that the debtor advised him orally at the time of the rental application that she and her husband had no debt, that the debtor was continually delinquent in her monthly rent payments, that he left at her apartment door a number of written requests for rental payments, that in his presence debtor had refused to allow Mr. Burse to pay rent owed, that he sued Mr. and Mrs. Burse, which suit was unopposed, and that after he obtained a garnishment against the debtor she filed a bankruptcy petition.

The debtor testified that when she made application to rent the apartment from plaintiff nothing was said about the amount of her debt, that she stopped paying rent only after the plaintiff's apartment house was condemned by the City of Richmond authorities, and that she never received service of the plaintiff's law suits. She denied ever refusing to allow Mr. Burse to pay rents due plaintiff.

At the conclusion of the evidence, plaintiff's arguments on the various counts of his complaint were essentially as follows:

*Allegations of fraud under § 523(a)(2)(A).* The debtor fraudulently refused to pay rent owed under the lease when she had sufficient income to make the payments.

*False Financial Statement under § 523(a)(2)(B).* The debtor's rental application fraudulently misstated her monthly income and her then current address; debtor falsely stated (orally) she had no debt.

*Willful and malicious injury to property under § 523(a)(6).* Debtor willfully and maliciously refused to pay

---

**1.** Earlier, at a hearing attended by both parties on April 16, 1990, the court gave the plaintiff additional time to file his complaint. At this hearing, the court, being aware of the nature of the doubtful circumstances being relied upon by Upadhyay, urged him to proceed with caution in bringing a dischargeability action against the debtor. Specifically, the plaintiff was informed that if his allegations were unfounded, he might be required to pay the debtor's attorney fees.

**2.** The full text of the plaintiff's pleading is set out as an appendix to this opinion.

rent when she had the ability to do so and prevented her husband from paying the rent.

*Denial of discharge under § 727(a)(2); concealing assets of the estate.* Argument on this count was based on plaintiff's testimony that at some unspecified date he observed television and stereo sets and an electric fan in debtor's apartment. None of these items were listed in the debtor's asset schedules.[3]

*Denial of discharge under § 727(a)(4); knowingly and fraudulently making a false oath or account.* Plaintiff argued that the debtor misrepresented her income and monthly expenses in the schedules to her chapter 7 bankruptcy petition.

At the conclusion of trial this court concluded that even in the absence of debtor's testimony, the plaintiff's evidence fell far short of proving any of the counts alleged by him. With respect to the only possibly plausible allegations by plaintiff, which concerned debtor's misstatements of income in her bankruptcy schedules, the plaintiff's evidence utterly failed to establish that there were *any* significant discrepancies.

Consequently, the court made a bench ruling in favor of defendant on all counts, and a judgment order has subsequently been entered.

### Discussion

Since the court has already granted judgment in favor of the defendant on the merits of the complaint, the sole remaining issue is whether the plaintiff's maintenance of this adversary proceeding should subject him to sanctions. Bankruptcy Rule 9011 requires every petition, pleading, motion and other paper served or filed in a bankruptcy case (with certain exceptions not relevant here) to be signed either by an attorney of record or, in the event the party is not represented, by the party himself. The rule then provides that the signature:

constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.

The rule further provides that if a document is signed in violation of the rule the court "shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee."

Bankruptcy Rule 9011 is derived from Rule 11 of the Federal Rules of Civil Procedure. 9 L. King *Collier on Bankruptcy* ¶ 9011.02[1] (15th Ed.1990). Rule 9011 essentially proscribes the same conduct addressed by F.R.C.P. 11. *Haardt v. Funk (In re Haardt)*, 77 B.R. 476, 480 (Bankr.E. D.Pa.1987).

■ Since amendment in 1983, rule 11 has been extended beyond the subjective standard of bad faith and now embodies an objective standard of conduct. *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988); *Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429, 1435 (7th Cir.1987); *Oliveri v. Thompson*, 803 F.2d 1265 (2nd Cir.), *cert. denied sub nom. County of Suffolk v. Graseck*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). The advisory comments to the amendment support this interpretation. The test is now one of "reasonableness under the circumstances".[4]

---

**3.** The debtor testified that she had rented a television set, that she owned no stereo, and that she may have borrowed a fan.

**4.** In this context, the advisory committee note provides the following pertinent language:
Greater attention by the district courts to pleading and motion abuses and the imposition of sanctions when appropriate should

Given the objective standard applied under the rule the question in this case is whether the plaintiff should be insulated from discipline under the rule by virtue of his not being an attorney.

■ The court determines in this case that the plaintiff's conduct in filing the signed complaint and pursuing this adversary proceeding violated the requirements of reasonable inquiry required by the rule, despite his status as a non-lawyer. Although this court is sensitive to the right of a litigant to proceed pro se, the court is bound to apply the standard of conduct required by bankruptcy rule 9011. The pro se litigant has the same duties under rule 9011 as an attorney. *In re 1801 Restaurant, Inc.*, 40 B.R. 455, 457–58 (Bankr.D. Md.1984).

■ It is obvious that the plaintiff did not make a reasonable inquiry to see if his complaint was warranted by existing law or a good faith argument in favor of changing the law. He simply proceeded with the adversary, filing questionable pleadings with puzzling legal foundations, causing the debtor to incur significant legal expenses in her defense.[5] Although the court may take the plaintiff's pro se status into account in evaluating his conduct, *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir.), *reh'g denied*, (June 13, 1990), his status as a non-lawyer does not give him a license recklessly to disregard the law, particularly where in the process he causes others to incur substantial expenses. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). The pro se litigant is under the duty to ascertain what

legal means are available to him *before* he acts. He may not learn the law literally by trial and error at the expense of the other parties.

In addition to finding that the plaintiff's conduct in pursuing this adversary exceeded reasonableness under the circumstances, this court finds that the adversary was both frivolous and brought for the purpose of harassment. In making this determination I have considered my previous warnings to the plaintiff that he might be required to pay the debtor's fees if his case was unfounded. The plaintiff was well aware of the possibility of the consequences he faces today. Nevertheless, he proceeded full speed ahead. The only conclusion this court can draw in light of the plaintiff's blatant disregard of the court's warning is that he intended to pursue the matter regardless of legal merit. As a consequence, he will be required to shoulder the cost of his experimentation.

The debtor's attorney has submitted a statement of fees and expenses totalling $2,693.25 for attorney fees and $33.20 for costs. The court, however, feels that $1,500.00 is a reasonable fee for the defense of the adversary. The court will therefore award to the debtor $1,500.00 for reasonable attorney fees and $33.20 for expenses.

§ 523(d)

■ The debtor offers an alternative theory of recovery under 11 U.S.C. § 523(d), which provides that if a creditor is unsuccessful in an action to declare a consumer debt nondischargeable under § 523(a)(2),

---

discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.

. . . . .

The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation.

Fed.R.Civ.P. 11, 1987 advisory committee note, *reprinted in*, 9 L. King *Collier on Bankruptcy*, ¶ 0911.02[1] (15th Ed.1990) (citations omitted).

**5.** The plaintiff went so far as to have a papers served on the debtor's counsel requesting him to serve subpoenas on potential witnesses on the plaintiff's behalf, *and then filed a request for sanctions against the potential witnesses when the debtor's counsel failed to serve the subpoenas.* Another example of the extent of the plaintiff's confusion over the law is his persistence in asserting that his claim is entitled to priority under 11 U.S.C. 507(a)(6), despite the court's repeated admonishment at both hearings that priority status was irrelevant in this case since it was a no asset case with no payout.

the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. (Supp. V 1987).

The court makes the same award against the plaintiff under this second theory of recovery. The debt sought to be declared nondischargeable here was one for rent of the debtor's primary residence, clearly a consumer debt under the definition in 11 U.S.C. § 101(7). A significant portion of the plaintiff's supposed case concerned his allegations of fraud under § 523(a)(2). This court finds that the plaintiff's position was substantially unjustified, that $1,500.00 is a reasonable attorney's fee, and that no special circumstances exist that make this award unjust.

The court will enter an order reflecting this ruling.

### APPENDIX

### ADVERSARY PROCEEDING

### AMENDED CLAIM AND OBJECTION

#### May 2, 1990

Pursuant to the ORDER entered on April 17, 1990 by Honorable Judge Tice, COMES NOW, the Creditor and Plaintiff, Dr. J. Upadhyay, to file the claim of priority under Bankruptcy Code 11 USC # 507(a)(6) and objection under Code 11 USC # 523 and 11 USC # 727 and states the following:

CLAIM:

1. The debtor, Ms. Connie M. Burse, listed her debt from me as a
   non-secured and nonpriority item and in the wrong amount. However, since she rented a real estate property (apartment) for personal and family use, therefore, under code 11 USC # 507(a)(6) this debt may be considered as a priority claim for $900.00 from a total amount of claim of $1,545.52.

2. Mrs. Burse intentionally accumulated her debt and did not pay plus prevented her husband and her son from paying this debt with a clear intention of filing for bankruptcy. Therefore, even if she receives the discharge under chapter 7, this debt cannot be discharged because she fraudulently incurred this debt for willful and malicious injury to this creditor (see Notice to individual consumer debtor).

3. In this regard it is interesting to note that when I sent the garnishment against her wages then she decided to file for bankruptcy.

4. In addition to these facts an authorized and appropriate Court has rendered judgment in my favour allowing the collection of her debt to me.

5. Ms. Burse alone and/or together with her husband makes enough money to pay her debt in comfortable installment but she is a habitual debt dodger (see her Bankruptcy filed in 1978), therefore, she will not pay.

OBJECTIONS:

The Creditor and the Plaintiff, Dr. J. Upadhyay, objects to discharge of Mrs. Connie M. Burse's debt on the following grounds:

1. The debtor, Mrs. Connie Burse, rented the apartment from me under a false pretence and a false representation and she gave a false statement in writing, therefore, the above debt should not be discharged under Code 11 USC # 523(a)(2)(B)(1) and Code 11 USC # 523(a)(2)(A).

2. The debtor, with the intent to defraud the creditor has transfered, removed or concealed some of her property and did not list on the schedule. Therefore, Under Code 11 USC 727(a)(2), she should be denied the discharge of her debts.

3. The debtor, Mrs. Burse, knowingly and fraudulently has presented false claim. Therefore, she should be denied the discharge of her debts under Code 11 USC # 727(a)(4).

4. Some debts listed on her schedule do not seem to be genuine.

5. Some expenses listed on her schedule do not seem to be accurate.

Based on the above facts, I am requesting this Honorable Court the following:

a) Please Order Mrs. Burse to pay her debt to me in full.

b) Please Order her to reimburse me for all costs of this proceeding, other expenses, legal fees, attorney fees and please grant any other relief, I may be entitled to.

c) Please deny the discharge of her debt.

d) Please Order the Trustee to Investigate and examine the acts and conduct of the debtor, Mrs. Connie Burse, to determine whether a ground exists for denial of discharge under Code 11 USC # 727(c)(2). I am enclosing a motion of REQUEST TO INVESTIGATE ON A SEPARATE PAGE, A COPY OF WHICH WAS SENT TO THE Interim Trustee, Mr. Huennekens, Esq. and Mr. Spiro, Esq., the attorney for the debtor on April 17, 1990.

/s/ J. Upadhyay
J. Upadhyay, Pro Se

Dr. J. Upadhyay
1170 Cumberland Drive
Colonial Heights, Va. 23834

CERTIFICATE

I hereby certify that a photocopy of this amended claim and objection was sent to Mr. Kevin R. Huennekens, Esq., interim Trustee in 600 Ross building at 801 E. Main Street, Richmond, Va. 23219–2901, to Mr. David K. Spiro, Esq. Attorney for the debtor at 823 E. Main Street, P.O. Box 561, Richmond, Va. 23204–0561, to Mrs. Connie M. Burse at 414 Chimborazo Boulevard, Richmond, Va. 23223–5712, by first class U.S. mail postage paid, on the 2nd day of May, 1990.

1. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to