**In re Rhonda R. McALLISTER, Debtor.**

**Bankruptcy No. 689–60982–R13.**

United States Bankruptcy Court,
D. Oregon.

Jan. 11, 1991.

**394**

Barry Taub, Eugene, Or., for debtor.

David N. Hicks, Jr., Asst. Atty. Gen., Dept. of Justice, Salem, Or., for creditor, Oregon Dept. of Revenue.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court on the debtor's motion for sanctions against the State of Oregon, Department of Revenue (ODR) and Nancy Minden, the individual employee of ODR who signed the precautionary proof of claim, herein, on behalf of the ODR (the claim). The debtor alleges that the claim is not well grounded in fact and that the ODR did not make a reasonable inquiry into the debtor's tax liability prior to the signing and filing of the claim. The debtor requests that sanctions be imposed pursuant to Bankruptcy Rule 9011 and that they include debtor's attorney's fees incurred as a result of the filing of the claim. Both parties have filed legal memoranda and the court has heard the arguments of counsel.

## BACKGROUND

By reviewing the file herein, and by the agreement of the parties, the pertinent facts are as follows.

In December, 1988, the ODR implemented a claims policy, for all bankruptcy cases filed in Oregon, in an effort to stop perceived abuses in which bankruptcy debtors would discharge Oregon income tax liabilities without paying the ODR. At its request, the ODR receives a copy of the case cover sheet for all bankruptcies filed in Oregon. It then examines each debtor's Oregon income tax history. If the ODR finds that Oregon income tax returns have not been filed for any of the three tax years preceding the year in which the debtor's bankruptcy petition is filed and no part-year returns are found (indicating that the debtor has just moved to Oregon), the ODR files a "precautionary" proof of claim. The amount of the claim is standard; $4,000 (plus interest)[1]. At the same time that the ODR files the precautionary claim, it sends an information/inquiry letter to the debtor's attorney stating that the claim is precautionary, requesting an explanation for the non-filing of the tax returns and promising to amend or withdraw its claim if the letter is returned with an explanation within 30 days. This policy was followed in this case.

The debtor filed her Chapter 13 petition herein on March 31, 1989. On July 24, 1989 the ODR filed the claim for three years in which Oregon income tax returns had not been filed and sent the standard information/inquiry letter to the debtor's attorney. The claim was for $4,000 taxes plus $1,695.98 accrued interest for 1985;

---

1. From an internal audit, the ODR had found this amount to be the average tax liability of audited non-filers who should have filed returns.

$4,000 taxes plus $1,012.63 accrued interest for 1986; and $4,000 taxes plus $422.61 accrued interest for 1987. The total amount of taxes and interest claimed was $15,131.22. The debtor's attorney did not forward the information/inquiry letter to the debtor and the debtor has not responded thereto. The debtor was not an Oregon resident during this time period and, therefore, had no obligation to file Oregon income tax returns for 1985, 1986 or 1987.

The order confirming debtor's Chapter 13 plan was entered September 20, 1989. The trustee sent a letter to the debtor reporting his audit of claims on January 4, 1990. On February 13, 1990, the trustee moved to dismiss the case for the reason that the plan was no longer feasible because of the amount of the tax claims. The debtor filed an objection to the claim on March 22, 1990. The ODR withdrew the claim on April 16, 1990. The trustee withdrew his motion to dismiss on April 17, 1990.

## DISCUSSION

Bankruptcy Rule 9011(a) (which is derived from FRCP 11) provides that all documents such as pleadings, motions and other papers served or filed in bankruptcy cases on behalf of a party shall be signed by the party (or the party's attorney). The rule further provides in relevant part as follows:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed *after reasonable inquiry* it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, *shall* impose on the person who signed it, the represented party, or both, an appropriate sanction, which may in-

clude an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. (emphasis added).

Bankruptcy Rule 9011 is intended to deter abuses in the filing of pleadings and other documents and to ensure that the parties who submit such documents have made a reasonable inquiry into the truth of the matters stated therein prior to filing the documents.

> The new language [of the amendments to Fed.R.Civ.P. 11] stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances.... This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation. (citations omitted.)

Notes of the Advisory Committee on Rules to FRCP 11.

> Subjective bad faith is not necessary for the imposition of sanctions under Rule 11; rather the standard is the reasonableness of the conduct under the circumstances. *Asher v. Film Ventures International, Inc.*, (*In re Film Ventures International, Inc.*), 89 B.R. 80, 83 (9th Cir. BAP 1988).

While this court has wide discretion in determining the appropriate sanction for a Rule 9011 violation, once it determines that the rule has been violated, sanctions must be imposed. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir.1986).

Rule 9011 sanctions have been imposed upon a taxing authority for filing a claim for taxes not owed. *Hamilton v. United States*, (*In re Hamilton*), 104 B.R. 525 (Bankr.M.D.Ga.1989). In that case the Internal Revenue Service filed a proof of claim for income taxes which it claimed the debtor owed for tax years 1982, 1983, 1984, 1985, 1986 and for FICA taxes for tax years 1984 and 1985. The debtor objected and asked the court to direct the IRS to answer. Instead the IRS filed an amendment to its claim seeking only the FICA

taxes. There was no explanation why the IRS had originally included the claim for the income taxes. The IRS contended that sanctions should not be imposed because it quickly amended its proof of claim and the claim was correct in part, the FICA taxes were, in fact owed. The debtor relied upon *In re Film Ventures International, Inc., supra,* and contended that sanctions were appropriate because part of the IRS claim had been made without a prior reasonable inquiry. The court agreed with the debtor and imposed sanctions on the IRS.

■ It is clear that the standard to be used in determining whether a party has made a reasonable inquiry prior to filing a claim is the reasonableness of the conduct under the circumstances then prevailing. *Zaldivar v. City of Los Angeles,* 780 F.2d 823 (9th Cir.1986); *In re Film Ventures International, Inc., supra.*

■ The debtor contends that Bankruptcy Rule 9011 imposes upon the ODR a duty to make a reasonable inquiry into whether she had an Oregon income tax liability before it filed the claim. The limited inquiry which the ODR made was not reasonable and the claim was, therefore, not well-grounded in fact.

The ODR argues that it was reasonable to institute its claim policy. Our system of taxation is largely a self-reporting one. The government, therefore, is at a disadvantage in obtaining information from taxpayers which it needs in order to file a proof of claim when tax returns have not been filed. The ODR maintains that the policy it has implemented is reasonable under the circumstances. It would incur unreasonable expenses if it had to attend the first meeting of creditors (§ 341(a) meetings) in all Oregon bankruptcy cases or if it had to perform Rule 2004 examinations of all debtors throughout the state to obtain the information it needs to file a proof of claim.

The ODR argues that it is reasonable to file the claim at the same time it sends the

information/inquiry letter because it will promptly amend or withdraw the claim when it receives appropriate information. Finally, in this particular case, it was reasonable for ODR to file the claim because the debtor's attorney never forwarded the letter to the debtor, so sending him the letter was, itself, a useless act.

This court agrees that requiring the ODR to attend all § 341(a) meetings or to conduct Rule 2004 examinations of many debtors might be onerous and unreasonable under the circumstances.

In addition, this court agrees that a taxing authority may be at a disadvantage due to the self-reporting nature of our system of taxation. This court has previously ruled, in cases similar to this one, that a debtor's motion for sanctions should be denied where the debtor had failed to file tax returns that it was legally obligated to file under applicable non-bankruptcy law. Obviously, a debtor who is legally obligated to file tax returns should not be heard to complain if a taxing authority files a precautionary proof of claim in the debtor's bankruptcy case which results, in part, from the debtor's failure to meet his or her legal obligations in that regard. The debtor's remedy is simple; file the appropriate tax returns and request that the taxing authority amend or withdraw its claim.[2]

Here, however, the debtor was not an Oregon resident during the years covered by the claim. She did not have an obligation under applicable non-bankruptcy law to file Oregon income tax returns for 1985, 1986 or 1987. Indeed, it should be noted that the ODR was not scheduled as a creditor in this bankruptcy case and would not have received notice of the debtor's bankruptcy but for its request that it receive the case cover sheets of all bankruptcies filed in Oregon. In following its claims procedure, the ODR did not give the debtor a chance to explain why she had not filed tax returns for 1985, 1986 or 1987 *before* it filed the claim. The ODR should at least be required to send the inquiry/in-

2. Bankruptcy Rule 3002(c)(1) provides that a taxing authority may ask the court for an extension of time to file its proof of claim so long as the request for an extension is made before the time expires. The fact that the debtor has not

filed tax returns would probably be good cause for an extension of such a time period assuming the debtor has a legal obligation to file tax returns for the period of time in question.

formation letter to the debtor *before* it files a proof of claim. If the debtor does not respond to the letter within a reasonable time (which could be stated in the letter) then the debtor should not be heard to complain when the ODR subsequently files its precautionary proof of claim.

The fact that the sending of the information/inquiry letter may have been a useless act in this particular case is irrelevant. "... a court should avoid using hindsight and should test the conduct by what was reasonable to believe at the time the pleading was signed." *In re Film Ventures International, Inc.,* 89 B.R. at 84.

The ODR also contends that sanctions should not be allowed in this case since the debtor could merely have responded to the information/inquiry letter rather than pursue the formal objections to claims process. This court notes that the debtor does have a duty to mitigate her damages incurred in this matter, however: "The duty to mitigate is a factor to consider in determining the appropriate amount of the sanctions rather than the propriety of the sanctions." *In re Film Ventures International, Inc.,* 89 B.R. at 86.

■ Based upon the foregoing, this court believes that it is appropriate to impose sanctions upon the ODR for its violation of Bankruptcy Rule 9011 as described above. Bankruptcy Rule 9011 provides that sanctions may be imposed upon the person who signed the document (Nancy Minden), the ODR or both. Since Nancy Minden appears to have followed an ODR policy in her capacity as an ODR employee, it is appropriate that any sanctions imposed be imposed solely upon the ODR and not upon Nancy Minden as the person who signed the claim.

■ ODR contends that if sanctions are to be allowed, the appropriate sanction should be to disallow its claim in full. Local Bankruptcy Rule (LBR) 3007–2 provides that in a chapter 13 proceeding the debtor must file an objection to a timely filed claim within 30 days after the trustee mails the list of timely filed claims to the debtor or audits the claims, whichever is later. The trustee sent a letter to the debtor reporting his audit of claims on January 4, 1990. The debtor objected to the claim March 22, 1990, well after the deadline required by LBR 3007–2. The ODR points out that because the debtor failed to object to the claim in a timely fashion, the claim would normally be deemed allowed, therefore, an appropriate sanction would be to disallow the claim in full.

This court does not agree. First, the ODR has already withdrawn the claim which renders moot the question of whether or not the claim should be deemed allowed. Second, whether the debtor objected to the claim in a timely manner is irrelevant to the question of whether sanctions should be awarded. This court *must* impose sanctions if a violation of Bankruptcy Rule 9011 occurs. The time to determine whether a violation has occurred is when the claim was filed.

## CONCLUSION

This court concludes that the ODR violated Bankruptcy Rule 9011 by filing its precautionary proof of claim in this case based only upon an investigation which revealed that the debtor had not filed Oregon income tax returns for 1985, 1986 and 1987. Further proceedings should be held to determine the amount of an appropriate sanctions award.