**In re Patricia W. FROMAL, Debtor.**

**No. 2:92cv973.**

United States District Court, E.D. Virginia, Norfolk Division.

Feb. 19, 1993.

---

Patricia W. Fromal, pro se.

John E. Robins, Jr., pro se.

Jack D. Maness, Norfolk, VA, Trustee in Bankruptcy.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Patricia W. Fromal, a voluntary debtor under Chapter 7 of the Bankruptcy Code, appeals from a final order of the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, (Hal D. Bonney, *Judge*), sustaining the objections of John E. Robins, Jr., an unsecured creditor, and Jack D. Maness, the Trustee, to exemptions claimed by Fromal pursuant to 11 U.S.C. § 522(d). Robins has filed a motion for sanctions pursuant to Bankruptcy Rule 9011 contending that Fromal's appeal is frivolous.

For the reasons set forth below, the final order of the Bankruptcy Court is affirmed. Because the court concludes that the appeal is frivolous, the court orders Fromal to pay Robins, a member of the Virginia Bar proceeding *pro se*, attorney's fees of $100 and the costs Robins incurred in defense of this appeal.

### BACKGROUND

On April 27, 1992, Fromal, a trained lawyer and Virginia resident, voluntarily initiated a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Virginia. In the course of that proceeding, Fromal claimed certain personal property exemptions pursuant to 11 U.S.C. § 522(d). Robins and Maness each objected to the exemptions claimed by Fromal on the ground that Virginia had "opted-out" of the federal exemptions listed in 11 U.S.C. § 522(d), *see* Va.Code 34–3.1 (Michie 1990 Repl.Vol.), thereby precluding Fromal from availing herself of the federal exemptions. The Bankruptcy Court agreed with the position taken by Robins and Maness and disallowed the claimed exemptions in an order dated September 16, 1992.

This appeal followed. Upon examining the briefs and record on appeal, the court concludes that oral argument is unnecessary to decide the issues presented on this appeal. *See* Bankruptcy Rule 8012.

## DISCUSSION

### I. *The Claimed Exemptions.*

▮▮▮ Pursuant to 11 U.S.C. § 522, a debtor is permitted to exempt certain property from the bankruptcy estate by choosing between exemptions established in § 522(d) or in other federal laws, or those defined by the law of the state in which the debtor resides, unless that state limits debtors only to state-created exemptions. *See, e.g.,* 11 U.S.C. § 522(b)(1); *Cheeseman v. Nachman,* 656 F.2d 60, 62 (4th Cir.1981); *In re Shearer,* 132 B.R. 313, 315 (Bankr. W.D.Va.1991). States are therefore permitted to "opt out" of the federal exemption scheme. *See, e.g., In re White,* 11 B.R. 775, 776 (Bankr.E.D.Va.1981).

▮▮▮ Virginia has availed itself of this opportunity. Under Va.Code § 34–3.1, "Virginia prohibits bankrupt individuals from choosing the federal exemptions set forth in section 522(d)," *Cheeseman,* 656 F.2d at 62, and "allows Virginia residents to use only the exemptions created under state law." *In re Shearer,* 132 B.R. at 315; *see also In re Emerson,* 129 B.R. 82, 84 (Bankr.W.D.Va.1991), *aff'd,* 962 F.2d 6 (4th Cir.1992) (table). The principal exemption for Virginia residents is the homestead exemption created by Va.Code § 34–4 (Michie 1990 Repl.Vol.). Under this exemption, any "householder", defined as "any resident of Virginia," Va.Code § 34–1, can exempt certain real or personal property within the time limits and in the manner provided by the statute. *See, e.g., In re Edwards,* 105 B.R. 10 (Bankr.W.D.Va. 1989). However, "[t]he failure of a debtor to comply with the Virginia homestead exemption laws precludes an exemption in bankruptcy." *In re Emerson,* 129 B.R. at 84 (citing *Zimmerman v. Morgan,* 689 F.2d 471, 472 (4th Cir.1982).

In the present case, instead of using the exclusive exemptions created by state law, particularly the homestead exemption, Fromal erroneously claimed the federal exemptions set forth in § 522(d). Because Fromal was not entitled to those exemptions, the Bankruptcy Court properly sustained the objections filed by Robins and Maness to them.

On appeal, Fromal does not contest that state law provides the exclusive source of exemptions for Virginia residents. Instead she argues, contrary to the express terms of the statute, *see* Va.Code §§ 34–1, 34–4, that the homestead exemption is available only to wage earners and is therefore unconstitutional because it denies her, a non-wage earner, equal protection of the law. This curious argument was not presented to the bankruptcy court and therefore need not be considered on this appeal. *See, e.g., In re Frontier Airlines, Inc.,* 137 B.R. 808, 811 (D.Colo.1992); *In re Marchetto,* 24 B.R. 967, 969 (BAP 1st Cir.1982); *In re Abel,* 17 B.R. 424, 426 (D.Md.1981). Moreover, even if the argument were properly raised, it is meritless. Contrary to Fromal's contention, the homestead exemption by its express terms is made available to "any resident of Virginia," Va.Code §§ 34–1, 34–4, without regard to whether such person is a wage earner.

### II. *The Motion for Sanctions.*

▮▮▮ The court next considers Robins' motion for sanctions under Bankruptcy Rule 9011 on the ground that Fromal's appeal is frivolous. Fromal has filed no response to Robins' motion.

Bankruptcy Rule 9011, which is patterned after Fed.R.Civ.P. 11, *see, e.g., In re Connie Madison Burse,* 120 B.R. 833, 836 (Bankr.E.D.Va.1990), requires, with exceptions not here relevant, that "[e]very ... pleading, motion and other paper served or filed in a case under the Code" be signed by an attorney of record, or, if a party is unrepresented, by that party. *Id.* The rule further provides in pertinent part:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief

formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative *shall impose* on the person who signed it, the represented party, or both, an appropriate sanction, ... including a reasonable attorney's fee."

Bankruptcy Rule 9011 (emphasis added).

 Once the court determines that the rule has been violated, "sanctions must be imposed," *In re McAllister*, 123 B.R. 393, 395 (Bankr.D.Ore.1991), though the court has discretion to determine an appropriate sanction. *Id.* In considering whether the rule has been violated, courts apply an objective standard of "reasonableness under the circumstances." *In re Connie Madison Burse*, 120 B.R. at 836. A party's legal position therefore is unwarranted, and hence frivolous, if it is clear that the position has no chance of success under existing law and there is no reasonable argument advanced to extend, modify, or reverse the law as it stands. *See, e.g., In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir.1991).

In light of this standard and the authority discussed in Part I of this opinion, it is clear that Fromal's appeal is frivolous because Virginia law unequivocally establishes that Virginia residents cannot avail themselves of the federal exemptions contained in § 522(d) and because Fromal's constitutional challenge to Va.Code § 34–4 is patently unreasonable as it ignores the plain language of the statute. Considering that the issues presented on this appeal were not complex, and that Robins' brief on appeal consisted of approximately one and one half pages of substantive argument, and taking into account Fromal's financial circumstances, the court concludes that, as a reasonable sanction, it is appropriate for Fromal to pay Robins attorney's fees in the amount of $100 and the costs incurred by Robins as a result of this appeal.

## CONCLUSION

Based on the foregoing, the final order of the Bankruptcy Court is affirmed and Robins' motion for sanctions is granted. The Clerk is directed to send a copy of this Memorandum Opinion and Order to all parties.

It is so Ordered.