**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver and liquidating agent of Boston Trade Bank, Appellant,**

v.

**Adel A. FADILI, et al., Appellees.**

**Civ. A. No. 94–10206–EFH.**

United States District Court,
D. Massachusetts.

March 29, 1994.

---

Richard N. Gottlieb, F.D.I.C., Franklin, MA, for appellant.

Keith A. Mitchell, Burlington, MA, for appellees.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This is an appeal by Appellant Federal Deposit Insurance Corporation as liquidating agent of Boston Trade Bank ("FDIC") from an order of the Honorable Carol J. Kenner, United States Bankruptcy Judge, denying the Appellant's Motion for Sanctions Pursuant to Fed.R.Bankr.P. 9011(a).

The Debtor Adel A. Fadili filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 27, 1993. On September 27, 1993, the FDIC, a secured creditor of the debtor, filed a Motion for Relief from Automatic Stay. After conducting oral arguments, Judge Kenner granted the FDIC relief from automatic stay for "cause," pursuant to 11 U.S.C. § 362(d)(1), to foreclose upon certain land owned by the Debtor. As part of her findings, Judge Kenner expressly held that the Debtor had filed his Chapter 11 petition in "bad faith" and made a number of subsidiary findings in support of that conclusion. On November 8, 1993, Debtor filed a voluntary motion to dismiss his Chapter 11 case. On November 10, 1993, the FDIC filed a Motion for Sanctions Pursuant to Rule 9011(a), seeking both a monetary award for actions of the Debtor and his counsel for filing a Chapter 11 petition in bad faith and an equitable order restraining the Debtor from transferring title to his land pending the FDIC foreclosure sale. Judge Kenner denied the Motion for Sanctions in its entirety.

The question presented for appeal is this. Does the granting of a motion for relief from stay for cause pursuant to 11 U.S.C. § 362(d)(1) on the grounds the Chapter 11 filing was made in bad faith automatically require the finding of a violation of Rule 9011(a) and the imposition of sanctions?[1] In essence, Appellant seeks a ruling requiring United States Bankruptcy Court Judges to find a violation of Rule 9011(a) and impose sanctions whenever a Chapter 11 petition is found to have been filed in bad faith. Various courts have held that the filing of a voluntary petition under Chapter 11 in bad faith justifies the imposition of sanctions under Rule 9011(a). See, e.g., In re Aurora Investments, Inc., 144 B.R. 899 (Bankr. M.D.Fla.1992); In re Terra of America Trading, Inc., 109 B.R. 516 (Bankr.S.D.Fla.

---

1. Bankruptcy Rule 9011(a) is essentially equivalent to Fed.R.Civ.P. 11. Once a court finds that a violation of Rule 9011 has occurred, the court must impose sanctions. In re Fromal, 151 B.R. 730 (E.D.Va.1993).

1989). Courts have been reluctant, however, to impose a *"per se* rule" that the determination of a bad faith filing requires the finding of a violation of Rule 9011 and the resulting imposition of sanctions. *See, e.g., In re Oakgrove Village, Ltd.,* 90 B.R. 246 (Bankr. W.D.Tex.1988). As one court has noted, "to impose sanctions for *mere* 'bad faith' filing, without more, would be improper." *Id.* at 251. Appellant cites no authority to this Court which holds that the filing of a Chapter 11 petition in bad faith is *per se* sanctionable. To the contrary, several courts have found that the filing of a Chapter 11 petition in bad faith is not *per se* sanctionable. *In re Whitney Place Partners,* 123 B.R. 117, 121 (Bankr.N.D.GA 1991); *In re HBA East, Inc.,* 101 B.R. 411, 418 (Bankr.E.D.N.Y.1989); *In re Southern California Sound Systems, Inc.,* 69 B.R. 893, 901 (Bankr.S.D.Cal 1987). The standard for evaluating whether a petition was filed in bad faith is different from the standards for imposing sanctions under Rule 9011. *See In re HBA East, Inc.,* 101 B.R. at 418; *see also In re Park Place Associates,* 118 B.R. 613, 618 (Bankr.N.D.IL 1990) (standards for dismissing case pursuant to good faith requirements implied in 11 U.S.C. § 1112(b) are different than standard for imposing sanctions under Bankruptcy Rule 9011). Consequently, the question of whether the Debtor and his attorney, Keith A. Mitchell, violated Bankruptcy Rule 9011(a) by filing a Chapter 11 petition in bad faith lies within the discretion of the Bankruptcy Court Judge.

Accordingly, the decision of Judge Kenner not to find a violation and impose sanctions under Bankruptcy Rule 9011(a) is affirmed. The power to impose sanctions inheres in the very nature of the Bankruptcy Judge's function.

SO ORDERED.